## PAULK *v.* TANNER, sheriff, to use, etc.

1. After the defendant has demurred to the plaintiff's petition upon the ground that it sets forth no cause of action and such demurrer has been overruled, it is too late to move to dismiss the suit for the want of service, or for any defect in the process.
2. There was no error in overruling the motion for a nonsuit in this case.
3. While the testimony was conflicting, there was ample evidence to support the judgment rendered in the city court, except as to the rate of interest.
4. It is erroneous to require the plaintiff in certiorari to pay the costs in the superior court when the judgment rendered by that court corrects, in his favor, a material error in the judgment of the court below.

Argued November 22, — Decided December 16, 1898.

Certiorari. Before Judge Sweat. Coffee superior court. February 21, 1898.

E. P. Padgett & Son, for plaintiff in error.
Quincey & McDonald, contra.

FISH, J. 1. It is alleged in the petition for certiorari, that the city court erred in overruling the motion of the defendant's counsel to dismiss the suit, "because there was no service upon the defendant of the petition and process, or waiver of the same, or any such appearance or pleadings as would in law amount to a waiver of the same, and because the process was not properly directed." It appears from the answer of the judge of the city court to the certiorari, which answer was not traversed, that "at the appearance term of said case said defendant filed a general demurrer alleging that no cause of action was set out in the plaintiff's petition, and also demurring to the jurisdiction generally." Demurring generally to a petition, upon the ground that it sets forth no cause of action, is pleading to the merits of the case. After the defendant had, at the appearance term, by his general demurrer, invoked the judgment of the court on the plaintiff's cause of action, it was too late, at the trial term, to move to dismiss the suit for want of service, or for any defect in the process. *Lyons v. Planters Loan & Savings Bank*, 86 *Ga.* 485; *Savannah Railway Co.* v. *Atkinson*, 94 *Ga.* 780.

2. It is alleged in the petition for certiorari, that the city court erred in overruling the defendant's motion for a nonsuit upon the ground that plaintiff's evidence did not show "that the sheriff had ever requested the defendant to pay the amount of his bid before the filing of his suit." The answer of the judge of the city court shows that the sheriff testified that, after the defendant had paid him $127.50 on the bid, he saw the defendant several times and "told him that the balance due on said bid would have to be paid, as the plaintiffs had informed witness that said balance would have to be collected from [defendant], or that they would have to collect the same from him as sheriff; that, notwithstanding this, defendant Paulk had never paid anything more upon his said bid; that the demand he made upon said Paulk for payment of said balance was just as stated, but that he had endeavored several times to collect same from him." We think this evidence was sufficient to show "that the

sheriff had . . requested the defendant to pay the amount of his bid " before the suit was instituted.

3. While the testimony was conflicting, there was ample evidence to support the judgment rendered by the city court, except as to the rate of interest, and the judge of the superior court rightly so held.

4. The court erred, however, in requiring the plaintiff in certiorari to pay the costs in the superior court. He was entitled to have the error in the judgment of the city court in reference to the rate of interest thereon corrected, and the judgment of the superior court being in his favor on this point, the certiorari to this extent was sustained, and therefore the costs incurred in this proceeding should have been adjudged against the defendant in certiorari. The judgment of the trial court is affirmed except as to the matter of costs. It is in this respect reversed; and direction is given that the judge of the superior court render a final judgment, in favor of the plaintiff in the original case, against the defendant therein, for the amount of the principal sum stated in the judgment of the city court, with interest thereon, from the date of that judgment, at seven per cent. per annum, and for the costs of the case in the city court; and in favor of the plaintiff in certiorari, against the defendant in certiorari, for the costs in the superior court. We have also adjudged that the costs of this writ of error must be borne by the defendant in error.

*Judgment affirmed in part, and in part reversed with directions. All the Justices concurring.*