Reid *v.* Caldwell *et al.*

Simmons, C. J.    Where A, B, and C, for a valuable consideration, enter into a written contract with D, covenanting and agreeing therein to have a certain number of shares of stock in a certain corporation, which they control, issued to D upon his payment to them at a particular time of a certain amount of money as part payment of the price which he agrees to pay them for the stock ; and it is further stipulated that D, after the stock is so issued to him, shall transfer it to A, B, and C, as collateral security for the other payments to be made ; and D pays the first instalment and the stock is issued to him in his own name, and he thereupon transfers it by indorsement to A, B, and C, the contract is an executed one, the title to the stock vests in D, and A, B, and C hold the stock as collateral security for the payment of the balance due them on the purchase-price.

2.    The pawnees of the stock so held as collateral security are entitled to collect and hold the dividends upon it for the use of the pawner (*Guarantee Co. of No. Am.* v. *East Rome Town Co.*, 96 *Ga.* 511), and the dividends should be applied by the pawnees to the indebtedness due them by the pawner. Civil Code, § 2965.

3.    Though the other instalments of the purchase-price are not paid at maturity by the pawner, still if the dividends amount to a sufficient sum to pay off in full the balance due on the purchase-price of the stock, the pawner is entitled to the stock deposited as collateral.    If, in such case, the pawnees have illegally converted the stock, they are liable to the pawner for the value thereof.    If, upon the other hand, the dividends do not amount to a sufficient sum to pay off the pawner's indebtedness, he can not recover until he pays the balance due.

4.    A former adjudication of the same cause of action, not appearing from the petition, is not ground for demurrer, but for plea.

5.    There is no merit in speaking demurrers which are based upon facts not alleged in the pleading demurred to, and which seek to raise matters which should be pleaded and proved as defenses to the action.

6.    Under the allegations of the petition, the action was not barred by the statute of limitations.            *Judgment reversed.    All the Justices concur.*

Argued June 22, — Decided July 14, 1904.

Trover.    Before Judge Spence.    Decatur superior court.    January 23, 1904.

See 110 *Ga.* 481 ; 114 *Ga.* 676.

*T. S. Hawes* and *A. G. Powell*, for plaintiff.

*B. B. Bower, Bower & Bower,* and *A. T. London,* for defendants.