6581.   GREENFIELD *et al.*, executors, *v.* FARRELL HEATING & PLUMBING CO.

RUSSELL, C. J.   1. The legal result of sustaining a plea in abatement to an action is the dismissal of the suit; and such dismissal falls within the provisions of section 4381 of the Civil Code, that "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case."

(*a*) This result follows whether the dismissal be voluntary on the part of the plaintiff, or involuntary under the operation of an adverse ruling by the court.

(*b*) The code section referred to above was codified from an act of the General Assembly passed in 1847 (Cobb's Dig. 569), which provides that "whenever any case hereafter pending, either at law or equity, commenced within the time limited by law, shall be discontinued, dis-

missed, or the plaintiff shall be nonsuited," the plaintiff shall have the right of renewal as provided by that section.

(c) Where, in the process of codification of an act of the legislature, mere verbal changes occur, resulting from the transposition of words or from the reconstruction of a sentence, it will not be presumed that it was the intention of the codifiers to change the law as laid down by the General Assembly; but on the contrary, in order to bring about such changes, there must be somewhere in the legislation of the State the expression of a manifest purpose to make the change in the law.

(d) Considering together the original act and the codification thereof, there is nothing from which any legal inference can be drawn to the effect that the General Assembly intended to bring about any change in the law, such as would deprive a plaintiff of a right of renewal when the dismissal results not from his voluntary act, but from an adverse ruling of the court.

2. Where a suit instituted against an estate having more than one personal representative is abated for nonjoinder of one or more of the representatives of the estate, and within six months thereafter the suit is renewed against the estate with all the representatives joined as defendants, the second suit, being otherwise properly brought, will stand, relatively to the statute of limitations, just as did the first suit.

3. There was no variance between the cause of action stated in the first suit and that stated in the action as renewed.

4. The verdict is supported by the evidence, and the court did not err in refusing to grant a new trial.          *Judgment affirmed.*

DECIDED FEBRUARY 10, 1916.

Complaint; from municipal court of Atlanta. April 19, 1915.

*E. M. & G. F. Mitchell,* for plaintiffs in error.

*Moore & Pomeroy,* contra.