### 8442. PHILLIPS *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. Where a suit brought within the time prescribed by the statute of limitations, in a court having jurisdiction of the subject-matter, is dismissed solely for want of jurisdiction of the person, it may be renewed within six months, under the provisions of section 4381 of the Civil Code of 1910, which should be construed liberally so as to allow renewal where the suit is disposed of on any ground not affecting its merits.

2. Where a suit against a railroad company, for injuries alleged to have been caused by its negligence while both the plaintiff and the defendant were engaged in interstate commerce, was brought within two years from the date of the infliction of the injuries, and was dismissed because the court had no jurisdiction over the defendant, and within six months after the dismissal the action was renewed in a court which had jurisdiction of both the subject-matter and the person, and by amendment all reference to interstate commerce and the resulting liability of the defendant under the Federal employer's liability act was stricken from the renewal suit, so that a suit for damages incurred

while the plaintiff was engaged in intrastate commerce alone remained, the court erred in sustaining a demurrer on the ground that the action was barred by the Federal statute of limitations requiring such a suit to be brought within two years from the time of the injury.

DECIDED JULY 26, 1917.

Action for damages; from city court of Houston county—Judge Riley. December 30, 1916.

*R. L. Berner,* for plaintiff. *Jordan & Lane,* for defendant.

WADE, C. J. The original petition in this case was filed in the city court of Savannah, and the plaintiff therein alleged that he was injured on account of a defective appliance on the locomotive of the defendant company while he was engaged in operating a work-train of the defendant, employed for the purpose of repairing the defendant's track "over which cars were transported between the city of Macon, Georgia, and the city of Birmingham, Alabama, and which track was used for both intrastate and interstate commerce." That suit was dismissed on March 18, 1916, and, on August 10, 1916, the action was recommenced in Houston county, in a court having jurisdiction both of the subject-matter and of the defendant, by a petition alleging the identical facts set forth in the original petition brought to the city court of Savannah, including the allegation that the work-train on which the plaintiff was employed "was used for the purpose of repairing the track of the defendant over which cars were transported between the city of Macon, Georgia, and the city of Birmingham, Alabama, and which track was used for both intrastate and interstate commerce." A demurrer was interposed, urging the objection that the petition showed upon its face that the defendant and the 'plaintiff were both at the time of the alleged injury engaged in interstate commerce, and "that the said cause of action was not filed within two years from the date the cause of action accrued, in compliance with the sixth section of the act of Congress relating to common carriers by railroad to their employees, approved April 22, 1908 (c. 149), which said section is as follows: 'that no action shall be maintained under this act unless commenced within two years from the date the cause of action accrued.'" 35 Stat. 66 (U. S. Comp. St. 1916, § 8662). The plaintiff thereupon amended his petition by making it appear that the defendant's track which he was engaged in repairing was one over which cars were operated between the city of Macon, Georgia, and the city of Columbus,

Georgia, and by striking out the allegation that it was used both for intrastate and interstate commerce, and inserting in lieu thereof the allegation that "the plaintiff was engaged in intrastate commerce at the time of his injury." The court sustained the general demurrer to the petition as amended, and dismissed the suit.

That the Federal employer's liability act supersedes all State laws on the same subject is now too well settled to require citation of authority; and where the facts alleged in a petition clearly show that the plaintiff was injured while engaged in interstate commerce, the case will proceed in accordance with the rules prescribed by the Federal courts, and the plaintiff will be entitled to all the privileges accorded him under the provisions of the Federal statute. He will, for instance, if the injury resulted from defects in certain appliances covered by the statute, be safe from the defense of assumption of risks, which is by statute abrogated as to certain defects in track and equipment. It is insisted by counsel for the defendant that since the plaintiff must bring his action under the Federal employer's liability act within two years of the infliction of the injury complained of, and this limitation is not affected by a State statute providing that when an action commenced within the period of limitation is dismissed, or judgment rendered against the plaintiff upon any ground not conclusive of his right of action, he may bring suit thereafter within a period fixed by the State statute (Vaught *v.* Virginia &c. R. Co., 132 Tenn. 679, 179 S. W. 314; Morrison *v.* B. & O. R. Co., 40 App. D. C. 391, Ann. Cas. 1914C, 1026; American R. Co. *v.* Coronas,. 230 Fed. 545, 144 C. C. A. 599, L. R. A. 1916E, 1095; Shannon *v.* Boston &c. R. Co., 77 N. H. 349, 92 Atl. 167), a second suit for damages on account of the injury alleged in the first suit to have been inflicted while both the plaintiff and the defendant were engaged in interstate commerce could not be renewed or recommenced more than two years after the date of the alleged injury. It is likewise insisted that since the original suit sought a recovery under the Federal statute, the plaintiff could not, by the amendment changing the suit from one which sought a recovery for an injury occurring in the conduct of interstate commerce to one resulting while the plaintiff and the defendant were engaged in intrastate commerce, avoid the limitation fixed by the Federal statute

as to actions for injuries arising under the Federal employer's liability act. It is insisted further, that as the original suit was brought under the Federal employer's- liability act, the suit as amended was not a renewal of that action, but was a distinct and separate action, and therefore was not protected by the provisions of the Civil Code, § 4381, allowing a plaintiff to recommence his suit within six months upon the same footing as to limitation with the original case.

Conceding that the original suit was clearly a suit brought under the Federal employer's liability act, and that the allegations therein could only be thus construed, and that, as amended, the renewal suit (brought within six months from the dismissal of the original suit) was plainly a suit to recover damages for injuries resulting from the operation of a locomotive engaged in intrastate commerce, it is obvious that in both instances the cause of action was the alleged injury resulting from certain defects in the machinery or appliances connected with or attached to the locomotive. In other words, irrespective of whether the original suit was based on the Federal statute and the renewal suit as amended did not seek a recovery under that statute, but was based on the law of Georgia, the *cause of action,* the injury complained of, and the negligence bringing it about, were in both cases identical. *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318) ; *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691 (13 S. E. 809). In the second suit as amended the plaintiff sought a recovery for the *same* injury, on account of the *same* negligence, notwithstanding certain privileges flowing to him under the Federal statute were eliminated by the form of the action as finally amended. The "cause of action" in the original petition was not the Federal statute, but was the injury therein alleged; and so likewise, the cause of action in the renewal suit being the same injury, the second suit did not set up a new, distinct, or different cause of action from the original suit, and it clearly came within the provisions of section 4381, supra. The Supreme Court has repeatedly held that section 4381 should be construed liberally, so as to allow renewal where a suit is disposed of on any ground not affecting its merits (*Atlanta, K. & N. Ry. Co.* v. *Wilson,* 119 *Ga.* 781 (2), 47 S. E. 366) ; and it would be a very narrow construction of the statute to hold that because the plaintiff by amendment restricted his right to recover in the

renewal suit, by striking out the allegations which denied to the defendant the opportunity to advance the doctrine of assumption of risk as a substantive defense, he changed the cause of action. If the original suit be brought in time, it is immaterial that it might become necessary for the plaintiff, by amendment, to deprive himself of the immunity from the defense of assumption of risk provided by the Federal statute, in order that he might hold the renewal suit in court, under the provisions of the State statute allowing a suit for the same cause to be recommenced within six months, though at the time the cause of action was barred by the statute of limitations.

The plaintiff undoubtedly could have amended his *original* suit by striking out all reference to interstate commerce, and the case when finally dismissed would have been a suit *not* depending upon the Federal employer's liability act, and could therefore have been recommenced in the same form in a proper forum within six months from the time of its dismissal, notwithstanding it was recommenced after it had become barred by the statute of limitations. This being true, it appears equally obvious to us that the second suit could be amended to exclude therefrom all claim of recovery under and by virtue of the Federal employer's liability act, and thus enable the plaintiff to renew it under the provisions of section 4381 of the Civil Code, notwithstanding the suit as originally brought was then barred under the provisions of the Federal act. Whether the plaintiff, on the trial of his case, can make it appear that he was engaged with the defendant in intrastate commerce at the time of his injury is not a matter for consideration at this time. The trial judge erred in sustaining the general demurrer and dismissing the petition. It is not necessary to consider the special demurrers.

*Judgment reversed. George and Luke, JJ., concur.*