## 18845. MILLER v. STRAUS.

DECIDED NOVEMBER 17, 1928.

*H. W. McLarty,* for plaintiff in error.
*E. E. Carter, G. Seals Aiken,* contra.

BELL, J.   J. W. Straus brought suit against W. V. Miller and his wife, Mrs. W. V. Miller, to recover damages for personal injuries alleged to have been sustained by him as a result of his being struck by an automobile driven by Mrs. Miller.   Service was perfected upon Mr. Miller, but not upon Mrs. Miller.   Mr. Miller filed a general demurrer to the petition, and, this demurrer being overruled, he excepted.

The petition contained allegations as to the negligence of Mrs. Miller, and, as against demurrer, showed sufficiently that such negligence was the proximate cause of the plaintiff's injuries.   The petition further alleged, "that the Dodge sedan automobile which struck plaintiff was owned and kept by W. V. Miller as a family car, and that it was being driven by his wife at the time in question, with his knowledge and consent, in the prosecution and within the scope of his business, and that W. V. Miller is therefore liable to the plaintiff for the injuries sustained by the latter as the result of the negligence of Mrs. W. V. Miller as set out in this complaint"; and "that the defendant Mrs. W. V. Miller is also liable to the plaintiff for the injuries sustained by him as the result of her negligence as set out in this complaint."

The only ground of demurrer which is argued in this court is

that the suit can not be maintained against the husband unless it is prosecuted jointly against him and his wife, and that since no service has been made upon the wife, the suit should be dismissed as to the defendant husband. A demurrer based upon facts not alleged in the pleading which it attacks is a speaking demurrer. Such a demurrer presents no question for decision and should never be sustained. *Reid* v. *Caldwell,* 120 *Ga.* 718 (5) (48 S. E. 191) ; *Charleston & Western Carolina Ry. Co.* v. *Burckhalter,* 138 *Ga.* 154 (2) (74 S. E. 1076) ; *Miller* v. *Southern Ry. Co.,* 21 *Ga. App.* 367 (3) (94 S. E. 619). That Mrs. Miller had not been served was not a fact which appeared from the allegations of the petition, and, even if such fact were material to the other defendant, it could not be taken advantage of by a demurrer to the petition. *Pollard* v. *Blalock,* 147 *Ga.* 406 (2) 94 S. E. 226; *Hicks* v. *Beacham,* 131 *Ga.* 89 (2) (62 S. E. 45) ; *Griffin* v. *Russell,* 144 *Ga.* 275 (2) (87 S. E. 10, L. R. A. 1916 F. 216, Ann. Cas. 1917 D. 994).

But, even assuming that the demurrer properly raised the question as to the necessity of service upon Mrs. Miller, there is absolutely no merit in the point. At common law a husband was liable for the torts of his wife solely in virtue of their relation; but, whether under that rule of liability it was necessary to join the wife as a party defendant in a suit against the husband for the wife's tort (*Smith* v. *Taylor,* 11 *Ga.* 20), we think there is now no such requirement as to parties in this State. It is now the law of Georgia that a husband is liable for the torts of his wife only when they are committed by her in the capacity of agent (*Curtis* v. *Ashworth,* 165 *Ga.* 782, 142 S. E. 111; *Griffin* v. *Russell,* supra), and where it is sought to hold the husband liable for some wrong committed by her within the scope of her agency, there is no more reason for joining the wife as a party defendant than for joining as a defendant any other agent, where the principal is sued for a tort alleged to have been committed by such agent. In all such cases the principal and the agent may be treated as joint tort-feasors, with the right in the injured person to sue both or either according to his election. Civil Code (1910), §§ 3613, 4413, 4469, 5517; *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (2) (53 S. E. 244, 110 Am. St. R. 191) ; *Baker* v. *Davis,* 127 *Ga.* 649 (1) (57 S. E. 62) ; *Seaboard Air-Line Ry.* v. *Randolph,* 126 *Ga.* 238 (1) (55 S. E. 47) ; *Gooch* v. *Georgia Marble Co.,* 151 *Ga.* 462 (107

S. E. 47) ; *Finley* v. *Southern Ry. Co.*, 5 *Ga. App.* 722 (3) (64 S. E. 312) ; *Southern Ry. Co.* v. *Rowe*, 2 *Ga. App.* 557 (6) (59 S. E. 462).

The right of the plaintiff to proceed in the suit as against the defendant husband was in no wise affected by the failure to perfect service upon the defendant wife. The court did not err in overruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*