21951.   CHANCE v. PLANTERS RURAL TELEPHONE
COOPERATIVE, INC.

ARGUED APRIL 8, 1963—DECIDED MAY 9, 1963—REHEARING
DENIED MAY 29, 1963.

2

*Harold W. Hollingsworth,* for plaintiff in error.

*W. Colbert Hawkins,* contra.

QUILLIAN, Justice. *Code* § 3-808 provides: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case . . ." Since this is a remedial statute and to be construed liberally, *Cox v. Berry,* 13 Ga. 306, *Rountree v. Key,* 71

Ga. 214, this court has held that where venue is improperly laid in the first suit the Code section does not require that the suit shall be renewed in the same court or in the same county, for the section is but a codification of the act of 1847 which allowed the plaintiff to renew in any court having jurisdiction thereof in this State. *Cox v. Strickland,* 120 Ga. 104, 108 (4) (47 SE 912, 1 AC 870); *Lamb v. Howard,* 150 Ga. 12 (102 SE 436). "Where the plaintiff begins an action in a court of this State having jurisdiction of the subject-matter, and, after the bar of the statute has attached, the same is dismissed because of a ruling indicating that the court has no jurisdiction of the person, such action may be renewed within six months in another court of this State, having jurisdiction of the person and the subject-matter." *Atlanta K. &c. R. Co. v. Wilson,* 119 Ga. 781 (5) (47 SE 366). Further, the fact that one is involuntarily dismissed rather than voluntarily dismissing his suit is of no consequence so long as the grounds for dismissal do not go to the merits of the case. As was held in *Clark v. Newsome,* 180 Ga. 97 (178 SE 386): "The law as contained in this section (now *Code* § 3-808) must be construed in conformity with the specific legislative enactments from which it was taken; and when thus interpreted it applies to involuntary as well as voluntary dismissals, where the merits are not adjudicated." See also *Greenfield v. Farrell H. & P. Co.,* 17 Ga. App. 637 (87 SE 912).

On the other hand, the mere filing of the petition will not of itself operate to toll the statute of limitation. For, service is also a vital ingredient. *Ferguson v. New Manchester Mfg. Co.,* 51 Ga. 609; *McClendon & Co. v. Hernando Phosphate Co.,* 100 Ga. 219 (28 SE 152); *McFarland v. McFarland,* 151 Ga. 9 (105 SE 596). However, in this connection it must be observed that notice to the opposite party is the prime consideration, *Cox v. Strickland,* 120 Ga. 104, 109-110, supra, *Code* § 81-220, and "appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." *Code* § 81-209.

In *Livingston v. Marshall,* 82 Ga. 281 (3) (11 SE 542), where the sheriff's entry recited that the defendant is not to be found in the county and the defendant demurred, among others, on the

ground that "there is no proper service of the bill," this court held: "That a bill has not been served is not a ground of demurrer to the same." See *Savannah, Fla. &c. R. Co. v. Atkinson*, 94 Ga. 780, 782 (21 SE 1010); *Pryse v. Cutliffe*, 57 Ga. App. 548, 550 (195 SE 913). In the instant case, the Court of Appeals held that a motion to dismiss would be the correct method to attack a return which is void on its face, citing *Cox v. Potts*, 67 Ga. 521, 527, and *Bell v. New Orleans &c. R. Co.*, 2 Ga. App. 812, 816 (59 SE 102), and that it would be pointless to say that the defendant in this case failed to strictly comply with the requisites of a valid attack on service.

Of course, it is elementary that the substance and not mere nomenclature controls in determining the nature of pleadings. *Girtman v. Girtman*, 191 Ga. 173, 180 (11 SE2d 782); *Waller v. Morris*, 78 Ga. App. 821, 822 (52 SE2d 583); *Georgia Marine Salvage Co. v. Merritt*, 82 Ga. App. 111, 116 (60 SE2d 419). However, here the pleading in question is clearly a demurrer addressed solely to the "face of the petition." Under such circumstances, this court has held that an attack on process when included with other demurrers would have afforded no reason why the petition should be dismissed. *Wilson v. City Council of Augusta*, 165 Ga. 520, 522 (141 SE 412). As the opinion stated: "The defendant waived process by his general demurrer, the second paragraph of the demurrer being 'that no cause of action is set out in said petition.' Under section 5559 of the Code of 1910 (now *Code* § 81-209), the defendant was pleading to the merits in the same breath that he was asserting that there was no process; but this court has uniformly held that the filing of a general demurrer is a waiver of process. *Lyons v. Planters Bank*, 86 Ga. 485 (12 SE 882, 12 LRA 155)." See *Paulk v. Tanner*, 106 Ga. 219, 220 (1) (32 SE 99). Moreover, the alleged defect is described as appearing from the "face of the petition." Where such attack is made, its office is to test the sufficiency of the allegations contained in the pleading demurred to. *Beverly v. Flesenthal Bros.*, 142 Ga. 834 (c) (83 SE 942); *Hirsch v. Northwestern Mut. Life Ins. Co.*, 191 Ga. 524 (6b) (13 SE2d 165). An examination of the petition reveals no averments relating to lack of service.

A demurrer based upon facts not alleged in the pleading which it attacks is a speaking demurrer. *Reid v. Caldwell*, 120 Ga. 718 (5) (48 SE 191). Thus, that a defendant "had not been served was not a fact which appeared from the allegations of the petition, and even if such facts were material to the other defendant, it could not be taken advantage of by a demurrer to the petition." *Miller v. Straus*, 38 Ga. App. 781, 782 (145 SE 501), and cases cited. The defendant having appeared and secured a favorable ruling as to venue jurisdiction and having improperly raised the issue of lack of service, it can not be heard to complain at a later time that there was no valid service; for objections pertaining to service had been waived.

With no valid attack made as to want of service, the rule pronounced in *Cutliffe v. Pryse*, 187 Ga. 51, 55 (200 SE 124), is applicable. "If after such waiver [the waiver being the filing of a plea to the jurisdiction without objecting to the service or want of service] the plaintiff dismisses his action" in one county "and within six months from the dismissal institutes suit against the defendant on the same cause of action" in the proper county, "the provisions of the Code, § 3-808 will apply, and the latter action will not be barred by the statute of limitations." Hence, the judgment of the Court of Appeals reversing the trial court must be

*Reversed. All the Justices concur.*