### 43136. DOUGLAS v. KELLEY.

DEEN, Judge. 1. "If a plaintiff shall . . . discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." *Code* § 3-808. A dismissal of the case by the court on a ground not adjudicating the merits counts as a voluntary dismissal for this purpose. *Chance v. Planters Rural Telephone Co-op.,* 219 Ga. 1 (131 SE2d 541); *Clark v. Newsome,* 180 Ga. 97 (178 SE 386).

2. If the first action is void, it will not serve to extend the period for six months if the statute of limitation otherwise runs in the meantime. Where such an action is filed but there is no service, the first action is void and will not serve to toll the statute. *McClendon & Co. v. Hernando Phosphate Co.,* 100 Ga. 219 (28 SE 152).

3. (a) An action in a court which has jurisdiction of the subject matter but no jurisdiction of the person of the defendant because of the fact that the defendant is a resident of another county is an action which is not void but voidable. If service is actually made upon the defendant it is prima facie good, and dates back to the time of filing of the petition; the suit is therefore a pending suit and where no sufficient attack is made to have the service set aside the mere sustaining of a plea to the jurisdiction, which adjudicates that the court has no jurisdiction over the person of the defendant, does not render the action itself void for lack of service. Under these circumstances, where the plaintiff elects to rebring the action within six months in another court having jurisdiction of both the subject matter and the person, *Code* § 3-808 applies. *Cutliffe v. Pryse,* 187 Ga. 51 (200 SE 124); *Chance v. Planters Rural Telephone Co-op.,* 219 Ga. 1, supra; *Phillips v. Central of Ga. R. Co.,* 20 Ga. App. 668 (93 SE 309); *Atlanta K. & N. R. Co. v. Wilson,* 119 Ga. 781 (47 SE 366).

(b) On the other hand, where the defendant who is sued in a court having no jurisdiction of his person because of non-residence, does not waive lack of proper service by filing a plea to the jurisdiction only, but traverses the service, makes the sheriff a party to the traverse, and files his plea to the jurisdiction subject to his traverse, he may thereby establish not only that the court has no jurisdiction of his person but that the petition, not having been properly served upon him, is absolutely void, and in such a case the defendant is not entitled to rely upon the first action after its dismissal as a basis of renewal. *McFarland v. McFarland,* 151 Ga. 9 (105 SE 596), and cit.

4. Applying the foregoing law to the facts of this case, it appears that the trial court sustained a general demurrer to the petition filed in Crisp County on the ground that the statute of limitation had run as to the cause of action. It is conceded that this is true unless *Code* § 3-808 applies. From amendments to the petition it appears that a prior petition between the same parties based on the same cause of action was first filed in Turner County, to which the defendant filed a traverse of service, making the sheriff a party thereto, on the ground that she had not been legally served in Turner County, and was not a resident thereof, and had never waived service. Subject thereto, she also filed a plea to the jurisdiction, alleging in both that she was a resident of Crisp County, and then filed a motion for summary judgment based on these grounds. The motion was granted. Since the defendant was a nonresident of Turner County where the first suit was filed, and since she was successful in her insistence on both lack of residence and lack of proper service, the grant of the motion adjudicated that the first action was filed too late, and the court properly sustained the demurrer making this point.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED OCTOBER 5, 1967—DECIDED NOVEMBER 16, 1967.

*Floyd H. Wardlow, Jr.,* for appellant.
*Burt & Burt, Donald Rentz,* for appellee.