## 56852. HAAS v. BLAKE.

BIRDSONG, Judge.

Haas, the appellant, filed an action against Blake et al., the appellees, in the Superior Court of Fulton County two days before the expiration of the applicable statute of limitation. It is not disputed that service of process, as to the Fulton County action, was never made upon appellees. Within six months of the filing of the Fulton County suit, appellant filed an identical action in the

Superior Court of Cobb County. Proper service of the Cobb County action was made upon the appellees and thereafter the Fulton County action was dismissed pursuant to Code Ann. § 24-3341. Finally, the Cobb County suit was dismissed for failure to state a claim on the ground that the appellant's cause of action was barred by the statute of limitations. The appellant's sole argument on appeal is that the Cobb County action was erroneously dismissed and should have been preserved or revived by Code Ann. § 3-808. *Held:*

Code Ann. § 3-808 provides: "If a plaintiff shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case..." However, in *Cutliffe v. Pryse,* 187 Ga. 51, 53-54 (200 SE 124), it was stated that Code Ann. § 3-808 ". . .does not apply to void suits. [Cits.] It will apply to suits that are voidable — not wholly void. [Cits.] The first-mentioned class (suits that are void) includes suits where the petition has been filed but not served upon the defendant. [Cits.]" The rationale underlying this rule was elucidated in *Chance v. Planters Rural Tel. Cooperative,* 219 Ga. 1, 4 (131 SE2d 541), where it was stated that, as to Code Ann. § 3-808: ". . .the mere filing of the petition will not of itself operate to toll the statute of limitation. For, service is also a vital ingredient. [Cits.]"

The relationship between service and the operation of revival statutes such as Code Ann. § 3-808 is firmly established. "Without service it amounts to nothing. It would scarcely be contended that a plaintiff, whose right of action lacks but a few days of being barred by the statute of limitation, could, by simply filing his petition in the clerk's office, with the clerk's entry thereon, and then dismissing it without service, gain six months longer time to recommence an action for the same cause." *Branch v. Mechanics' Bank,* 50 Ga. 413, 416. It is thus very clear that, in order to invoke the privilege of the revival statute, as to "an action which has been dismissed, so as to make the same stand upon the same footing as to limitation as the original case, it is essential that the declaration filed in the first instance should have been served upon the defendant. Mere filing, without service, will not be

sufficient for this purpose." *McLendon & Co. v. Hernando Phosphate Co.,* 100 Ga. 219, 224 (28 SE 152). See *McFarland v. McFarland,* 151 Ga. 9 (105 SE 596); *Douglas v. Kelley,* 116 Ga. App. 670 (2) (158 SE2d 441). The trial court did not err in dismissing the action filed in the Superior Court of Cobb County, and appellant's enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED DECEMBER 5, 1978.

*James A. Meaney, III,* for appellant.
*William S. Rhodes,* for appellee.