## 57451. WEDDINGTON v. KUMAR.

SMITH, Judge.

The trial court erroneously held that appellant's suit was barred by the statute of limitations, and we therefore reverse the court's grant of appellee's motion for summary judgment.

Alleging that appellee had negligently performed surgery upon her on July 29, 1976, appellant initially filed her complaint for medical malpractice in the Superior Court of Cobb County on July 7, 1978. Appellee's answer to the complaint alleged that, because he was a resident of Douglas County, venue and jurisdiction were lacking and service of process was insufficient. On August 10, 1978, appellant voluntarily dismissed the Cobb County action, and on August 15, 1978, she refiled the complaint in the Douglas County Superior Court. The latter court held that appellant's original suit was void because the "service had upon the Defendant's office manager was insufficient" and, citing *Cutliffe v. Pryse,* 187 Ga. 51 (200 SE 124) (1938) as controlling, that Code § 3-808 therefore did not apply to toll the running of the two-year statute of limitations. On the basis of those holdings, the court granted appellee's motion for summary judgment.

Appellee waived his insufficiency of service defense by failing to raise it properly in the Cobb County action, and therefore the trial court should have held that appellant could avail herself of the saving provision of the

renewal statute. *Douglas v. Kelley,* 116 Ga. App. 670 (158 SE2d 441) (1967). In the Cobb County suit the only basis appellee asserted for his lack of jurisdiction, improper venue and insufficient service defenses was the fact of his Douglas County residence, a fact which actually presented only a venue issue. See Davis and Shulman's Ga. Prac. & Proc. 63, § 5-7 (4th Ed.). Appellee never alleged during that action that service upon his office manager was insufficient because she was not authorized as his agent for service of process (see Ga. L. 1966, pp. 609, 610, as amended (Code Ann. § 81A-104(d)(7)), and thus the court below should not have concluded that such service voided the Cobb suit. "[I]f there be irregular or insufficient service or no service at all, but the defendant, not objecting to the service or want of service, files a plea to the jurisdiction on the ground of his non-residence in the county, the object of service (opportunity to be heard) becomes accomplished of record in the case. The filing of such plea without objecting to the service or want of service is waiver of service." *Cutliffe v. Pryse,* supra, p. 55. "An action in a court which has jurisdiction of the subject matter but no jurisdiction of the person of the defendant because of the fact that the defendant is a resident of another county is an action which is not void but voidable. .. [W]here no sufficient attack is made to have the service set aside the mere sustaining of a plea to the jurisdiction, which adjudicates that the court has no jurisdiction over the person of the defendant, does not render the action itself void for lack of service. Under these circumstances, where the plaintiff elects to rebring the action within six months in another court having jurisdiction of both the subject matter and the person, Code § 3-808 applies." *Douglas v. Kelley,* supra, p. 670. See also *Keramidas v. Dept. of Human Resources,* 147 Ga. App. 820 (250 SE2d 560) (1978).

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED MARCH 13, 1979 — DECIDED MAY 8, 1979.

*Paul M. Hoffman, John W. Folsom,* for appellant.

*Downey, Cleveland & Moore, Robert H. Cleveland, Joseph C. Parker,* for appellee.