72761. ACREE v. KNAB.
(348 SE2d 716)

CARLEY, Judge.

The instant case arises from an automobile collision which occurred on May 4, 1983. On April 29, 1985, appellant-plaintiff filed her original complaint against appellee-defendant, seeking to recover for damages allegedly resulting from the collision. This original complaint was filed in the State Court of Forsyth County, Forsyth County having been the place of appellee's residence at the time of the collision. However, on or about May 7, 1985, the sheriff of Forsyth County informed appellant's counsel that appellee had moved to Woodstock, Georgia and could not be served in Forsyth County. On or about June 12, 1985, appellant dismissed her Forsyth County complaint without prejudice and paid all costs.

On June 17, 1985, appellant initiated the instant action by filing a complaint in the State Court of Cherokee County. Appellee was served on June 27, 1985 and filed a timely answer which raised, among the other defenses, the two-year statute of limitations applicable to torts. Appellee subsequently filed a motion to dismiss appellant's action based upon the statute of limitations defense. By way of opposition to appellee's motion, appellant filed amendments to her complaint which asserted the applicability of the six-month renewal provision of OCGA § 9-2-61. The trial court, after conducting a hearing on appellee's motion, concluded that the OCGA § 9-2-61 renewal provision was inapplicable and that the two-year statute of limitations had run. Accordingly, the trial court granted appellee's motion and dismissed appellant's action. Appellant appeals from this order.

The complaint in the instant case was filed more than two years after the collision, but within six months of appellant's dismissal of the complaint which she had filed in Forsyth County. However, in order for the filing of the complaint in the case at bar to qualify under OCGA § 9-2-61 as a valid renewal of a previously dismissed action, the proceedings which appellant dismissed in Forsyth County must have constituted a "valid action." See generally *Southern Flour &c. Co. v. Simmons,* 49 Ga. App. 517 (1) (176 SE 121) (1934). The mere filing of appellant's complaint in Forsyth County, without service on appellee, did not, however, constitute a "valid" action. "In order to bring within the provisions of [OCGA § 9-2-61] an action which has been dismissed, so as to make the same stand upon the same footing as to limitation as the original case, it is essential that

the declaration filed in the first instance should have been served upon the defendant. Mere filing, without service, will not be sufficient for the purpose indicated." *McClendon & Co. v. Hernando Phosphate Co.*, 100 Ga. 219 (2) (28 SE 152) (1896). See also *Douglas v. Kelley*, 116 Ga. App. 670 (2) (158 SE2d 441) (1967); *Haas v. Blake*, 148 Ga. App. 366 (251 SE2d 386) (1978). It follows that the trial court did not err in granting appellee's motion to dismiss.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Robert I. Donovan*, for appellant.
*Alexander H. Booth, John E. Hall, Jr.*, for appellee.