A91A0274. OSBORNE v. HUGHES.
(409 SE2d 58)

COOPER, Judge.
Appellant filed her original complaint against appellee on November 10, 1988, to recover for injuries sustained in an automobile accident which occurred on December 11, 1986. The sheriff's return of service reflects that service was accomplished by leaving a copy of the complaint with appellee's mother at a Decatur, Georgia, address on December 4, 1988. Appellee filed a timely answer in which improper service and jurisdiction over the person were raised as defenses. On November 1, 1989, appellee filed a motion to dismiss in which she alleged insufficiency of service and jurisdiction over the person. Affi-

davits were filed in support of the motion in which appellee and her mother stated that on December 4, 1988, appellee resided at another Decatur address, and copies of appellee's driver's license and voter registration card were attached, which reflected her residence at the second Decatur address. On January 8, 1990, prior to the trial court's consideration of appellee's motion, appellant voluntarily dismissed the action without prejudice. Then, on January 23, 1990, notwithstanding appellant's dismissal of her action, the trial court entered an order granting appellee's motion to dismiss on the grounds that appellee was not properly served within the applicable statute of limitation or reasonably beyond the statute of limitation.

Appellant filed the instant action on February 7, 1990. Appellee was personally served on March 21, 1990, and filed a timely answer on April 20, 1990, raising the expiration of the statute of limitation and laches as defenses. Appellee again filed a motion to dismiss alleging the same grounds on June 19, 1990, and the trial court granted the motion on August 28, 1990. Appellant appeals from that order.

"The complaint in the instant case was filed more than two years after the collision, but within six months of appellant's dismissal of the complaint which she had filed in [DeKalb] County. However, in order for the filing of the complaint in the case at bar to qualify under OCGA § 9-2-61 as a valid renewal of a previously dismissed action, the proceedings which appellant dismissed . . . must have constituted a 'valid action.' [Cit.] . . . 'In order to bring within the provisions of (OCGA § 9-2-61) an action which has been dismissed, so as to make the same stand upon the same footing as to limitation as the original case, it is essential that the declaration filed in the first instance should have been served upon the defendant. . . .' [Cits.]" *Acree v. Knab*, 180 Ga. App. 174 (348 SE2d 716) (1986).

"Service must be perfected personally upon the defendant or otherwise in accordance with OCGA § 9-11-4 (d) (7). Service upon [appellee's] mother at her residence . . . is not service within the meaning of the code section." *Seabolt v. Edghill*, 192 Ga. App. 715, 716 (2) (386 SE2d 376) (1989). Thus, there was no service upon appellee within the statute of limitation, and the original cannot be considered a "valid action" in accordance with *Acree*, supra, based upon appellant's failure to serve appellee within the applicable statute of limitation. See *Wilkins v. Butler*, 187 Ga. App. 84 (369 SE2d 267) (1988). The trial court did not err in granting appellee's motion to dismiss.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 28, 1991 —
RECONSIDERATION DENIED JULY 19, 1991 — ■

*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellant.
*Cooper & Associates, James C. Williford,* for appellee.