**Richard L. SCOTT, Plaintiff–Appellant,**

v.

**MUSCOGEE COUNTY, GEORGIA, Richard Miles, Warden, Richard Holmes, Physician's Asst., Defendants–Appellees.**

No. 90–8711
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 7, 1992.

Richard L. Scott, pro se.

E.H. Polleys, Jr., City Atty., Columbus, Ga., for defendants-appellees.

Before TJOFLAT, Chief Judge, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Scott, a Georgia prisoner, filed a *pro se* civil rights action against officials of the Muscogee County Jail alleging that, while he was a pretrial detainee at the jail, he was beaten by Troup County police, denied medical attention, and subjected to inhumane living conditions. The district court dismissed the complaint for failure to state a claim upon which relief could be granted, but a panel of this court concluded that Scott's allegations were adequate and thus vacated and remanded the case. *Scott v. Muscogee County, Ga.,* 899 F.2d 21 (11th Cir.1990).

Upon remand, defendants moved to dismiss the complaint for failure to comply with Georgia's two-year statute of limitations for civil rights claims seeking recovery for personal injuries. Scott argued he originally filed his claims in a timely manner in the Northern District of Georgia, where it was dismissed for lack of venue. Scott had then refiled in the Middle District of Georgia more than two years after the incidents giving rise to the complaint. The district court granted defendants' motion to dismiss, but was reversed and the case remanded by this court because the district court did not consider whether Georgia's renewal statute, O.C.G.A. § 9–2–61, had tolled the statute of limitations in this case. On remand, the district court granted defendants' motion for summary judgment, concluding the renewal statute was inapplicable because defendants had never been served with process in the Northern District action.

The Georgia renewal statute provides that the statute of limitations is satisfied if a plaintiff files a valid action within the limitations period, that action is later dismissed, and the plaintiff files a new action (that would otherwise be time-barred) within six months of the dismissal. O.C.G.A. § 9–2–61. But the renewal statute is inapplicable if the original complaint did not constitute a "valid action" before dismissal. *Id.; see also Acree v. Knab,* 180 Ga.App. 174, 348 S.E.2d 716, 717 (1986), and cases cited therein. "The mere filing of appellant's complaint ... without service on appellee, [does] not ... constitute a 'valid' action.... [I]t is essential that the declaration filed in the first instance should have been served upon the defendant." *Acree,* 348 S.E.2d at 717.

Scott admits his Northern District complaint was dismissed before service; therefore, the renewal statute does not apply and the district court is AFFIRMED.