## A93A1424. WIMBERLY v. DEPARTMENT OF CORRECTIONS et al.
### (435 SE2d 67)

BLACKBURN, Judge.

Appellant, Tommy Wimberly, appeals the trial court's award of summary judgment to the appellees, the Department of Corrections, David Evans, Gerald Willis, Paul McNeal, and Quinton Lankford (hereinafter collectively referred to as defendants). Defendants' motion for summary judgment was based on the expiration of the applicable statute of limitation. Wimberly asserts that the trial court erred in failing to find that his complaint was filed timely pursuant to OCGA § 9-2-61 (a).

The undisputed facts show that on September 22, 1985, Wim-

berly was an inmate at the Georgia Department of Corrections facility in Alto, Georgia. On that date, Wimberly was shot by inmate Leonard Culbertson during Culbertson's attempted escape. As a result of the injuries he sustained during that incident, Wimberly filed a lawsuit on August 3, 1987, against the present defendants, as well as others, in the U. S. District Court for the Northern District of Georgia, Gainesville Division. Wimberly's lawsuit was based on alleged violations of the Civil Rights Act, 42 USC §§ 1983, 1985, and 1986. It is undisputed that such actions are governed by a two-year statute of limitation.

The district court allowed Wimberly's complaint to be filed in forma pauperis, but did not allow service of process to issue until the court could make a frivolity determination authorized by 28 USC § 1915 (d). On October 23, 1987, the district court entered an order dismissing Wimberly's complaint against the present defendants, pursuant to 28 USC § 1915 (d) for failure to state a claim upon which relief could be granted. Further, the court's order allowed the complaint to continue against the other defendants, and allowed service of process to issue against the remaining defendants.

Over two years later, on November 9, 1989, Wimberly filed a motion, in the district court, to voluntarily dismiss, without prejudice, the present defendants, as well as one other defendant. The district court granted Wimberly's motion, by order entered on December 6, 1989. Thereafter, on June 5, 1990, Wimberly filed the instant action.

On appeal, Wimberly argues that his failure to serve the defendants in the federal court case does not preclude him from using the saving provision of OCGA § 9-2-61 (a) which provides that "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ." We disagree. "In order to bring within the provisions of OCGA § 9-2-61 an action which has been dismissed, so as to make the same stand upon the same footing as to limitation as the original case, it is essential that the declaration filed in the first instance should have been served upon the defendant. . . ." (Citations and punctuation omitted.) *Osborne v. Hughes*, 200 Ga. App. 558, 559 (409 SE2d 58) (1991). See also *Acree v. Knab*, 180 Ga. App. 174, 174-175 (348 SE2d 716) (1986).

Wimberly next argues that because the district court did not allow for service of process to be issued, he should not be penalized for his failure to do so. However, this argument ignores the fact that Wimberly could have appealed the district court's order dismissing the defendants herein pursuant to 28 USC § 1915 (d). See generally

*Ketchum v. Cruz*, 961 F2d 916 (10th Cir. 1992). Instead, Wimberly did nothing for over two years with respect to his claims against defendants. He cannot now be heard to complain that the district court did not allow service on the present defendants.

Wimberly also argues that because he sued under the federal Civil Rights Act, the tolling of the statute of limitation must be determined pursuant to federal law. This is not the case, in *Scott v. Muscogee County*, 949 F2d 1122 (11th Cir. 1992), the court determined that the renewal of a case dismissed for improper venue was not valid where the original complaint was not served upon the defendant.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 18, 1993.

*Theodore M. Forbes, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, William Amideo, Assistant Attorney General,* for appellees.