[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11068

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

KIMBERLY M. ESMOND ADAMS,
Judge,
JANE C. BARWICK,
Judge,
JERRY W. BAXTER,
Judge,
T. JACKSON BEDFORD, JR.,
Judge,
CHRISTOPHER M. BRASHER,

Judge, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04130-WMR

_____

Before WILLIAM PRYOR, Chief Judge, and LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner, appeals *pro se* the dismissal of his complaint against state judges and court clerks, 42 U.S.C. § 1983, for failure to state a claim and the denial of his motion to vacate the dismissal order, Fed. R. Civ. P. 59(e). Daker also appeals the order striking his amended complaint, which sought to add new defendants and claims, because he did not comply with a permanent filing injunction, which was reimposed between the filing of his original and amended complaints. We affirm.

In May 2020, Daker complained that the state judges routinely failed to timely rule on civil filings, entered opposing parties' proposed orders against him, and failed to recuse, for which Daker sought declaratory and injunctive relief. Daker also complained

that, between 2013 and 2017, the court clerks routinely misapplied the process for screening civil cases to habeas-corpus petitions, which violated his right of access to the state courts. Daker asserted that these counts against the court clerks were timely under the "renewal statute," O.C.G.A. § 9-2-61, because they were part of an earlier lawsuit that was dismissed by the district court.

In October 2020, a magistrate judge issued a report and recommendation that the district court dismiss Daker's complaint without prejudice. 28 U.S.C. § 1915A. The magistrate judge stated that Daker failed to state a claim against the state judges because they were entitled to absolute judicial immunity, and none of his allegations entitled him to declaratory or injunctive relief. The magistrate judge stated that Daker failed to state a claim against the court clerks because it was apparent that he was aware of their alleged misconduct no later than the end of 2017, so his claims were barred by the two-year statute of limitations. The magistrate judge found that the renewal statute did not apply because the earlier lawsuit was dismissed before the defendants were served. The magistrate judge also noted that the filing injunction imposed against Daker in August 2020 was not in effect when he filed the complaint. Daker objected to the report and recommendation.

In November 2020, before the district court ruled, Daker filed an amended and supplemental complaint. In addition to the 31 judges sued in the original complaint, the amended complaint named 25 state appellate judges but did not state any specific allegations against them. Instead, the amended complaint added three

counts against two state judges who were named in the original complaint. In those new counts, Daker alleged that, in 2020, the two judges "denied filing of [his *in forma pauperis*] request" because a prison official did not sign the request, O.C.G.A. § 9-10-14(b), and because he did not include a copy of his prison account statement, *id.* § 42-12-5(a)(3). Daker also alleged that, during 2020, the clerk of the Georgia Supreme Court failed to file several of his petitions for a writ of certiorari.

In February 2021, the district court overruled Daker's objections, adopted the magistrate judge's recommendation, and dismissed the original complaint. The district court also reviewed *sua sponte* Daker's amended complaint and ruled that it was a "new action" and did not relate back because he added "entirely new claims against entirely new defendants." The district court ruled that the permanent filing injunction imposed in August 2020 applied to the amended complaint and struck it for failing to comply with the requirements of the injunction.

Daker moved the district court to vacate the dismissal order, Fed. R. Civ. P. 59(e). As relevant, Daker argued that the renewal statute applied because he was not required to pay the filing fee or serve the defendants for the federal action to be "valid." Daker also challenged the application of the filing injunction to his amended complaint. The district court rejected Daker's arguments and denied the motion.

Daker argues that the district judge and magistrate judge erred by failing *sua sponte* to recuse. *See* 28 U.S.C. § 455(a). Daker

argues that, because the district judge and magistrate judge recused themselves from several of Daker's cases in March 2022, their rulings in this earlier case should be vacated and reconsidered by a new judge. We disagree.

Section 455 provides two conditions for recusal. 28 U.S.C. § 455(a)–(b). Under subsection (a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his partiality might reasonably be questioned." *Id.* § 455(a). Under subsection (b), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party . . . ." *Id.* § 455(b).

Without evidence of pervasive bias and prejudice, "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). Daker cites only the district judge's and magistrate judge's recusals from his other cases in March 2022, but their later recusals do not establish that they held any pervasive bias or prejudice against him at the time of their earlier rulings. *See id.*

The district court did not err by dismissing Daker's original complaint. Daker's claims against the court clerks were barred by the two-year statute of limitations because their alleged misconduct occurred between 2013 and January 2017, and he presented his complaint for filing in May 2020. *See Hancock v. Cape*, 875 F.3d 1079, 1082 & n.1 (11th Cir. 2017). And Daker cannot benefit from the Georgia renewal statute because the statute applies only to actions that were considered valid before dismissal. *See id.* at 1084

(applying Georgia law to determine whether a federal lawsuit could be renewed after a non-merits dismissal); *Scott v. Muscogee Cty.*, 949 F.2d 1122, 1123 (11th Cir. 1992) (same). And the "mere filing of appellant's complaint . . . without service on appellee[s], [does] not . . . constitute a 'valid' action. . . . [I]t is essential that the declaration filed in the first instance should have been served upon the defendant[s]." *Scott*, 949 F.2d at 1123 (quoting *Acree v. Knab*, 348 S.E.2d 716, 717 (Ga. Ct. App. 1986) (second and third alterations in original). Because Daker did not serve the state officials in the earlier lawsuit, that action was not valid, and the renewal statute does not revive his untimely claims. *See id.*

The district court properly dismissed Daker's claims against the state judges too. In Georgia, as in the federal system, judges are immune from suit unless they have committed a nonjudicial act or "act[ed] in the complete absence of all jurisdiction." *Withers v. Schroeder*, 819 S.E.2d 49, 52 (Ga. 2018). A "judge is not deprived of judicial immunity simply because she has allegedly acted mistakenly, maliciously or corruptly." *Id.* Judicial immunity does not protect a state judge from claims for injunctive and declaratory relief. *See Pulliam v. Allen*, 466 U.S. 522, 542 (1984); *GeorgiaCarry.Org, Inc. v. Bordeaux*, 834 S.E.2d 896, 900–01 (Ga. Ct. App. 2019). But Congress has amended section 1983 to bar claims for injunctive relief against judges acting in their judicial capacity unless "'a declaratory decree was violated or declaratory relief was unavailable.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting 42 U.S.C. § 1983). To obtain declaratory relief, Daker must prove that there was a constitutional violation, a serious risk of continuing

irreparable injury if relief is not granted, and the absence of an adequate remedy at law. *Id.* at 1242.

Daker was ineligible for declaratory relief because he had an adequate remedy—the right to appeal to the state appellate courts. *See id.* Specifically, Daker sought "injunctive relief enjoining Judge Defendants from denying filing of future prisoner civil actions based on failure to provide a certified copy of his prison account statement." He also sought a declaratory judgment that the state judges who received and entered proposed orders from opposing parties violated his right of access to the courts, for which he sought an injunction requiring those judges to recuse from his future cases. But because Daker did not establish that he was unable to avail himself of the appellate process to challenge any of these rulings, declaratory and injunctive relief were unavailable. *See id.*

Daker argues that his amended complaint was not subject to the requirements of the filing injunction because it was not a "new action," but Daker is only partially correct. His amended complaint was new in two ways: he alleged in three new counts that two previously-named state judges failed to file his *in forma pauperis* requests, and he alleged in passing in five counts that the clerk of the Georgia Supreme Court failed to file his petitions for a writ of certiorari. The district court correctly determined that Daker's attempt to add entirely new claims against a new party—the clerk of the Georgia Supreme Court—would not relate back to the original complaint for the purpose of applying the filing injunction. *See* Fed. R. Civ. P. 15(c)(1)(B),(C) (providing that a pleading can relate back

if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," and that the added party must have "(i) received such notice of the action that it will not be prejudiced in defending on the merits . . . and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."). Because the clerk was a new party and the claim against her did not arise from the same transactions or occurrences alleged in the original complaint, Daker's claims against her were subject to the filing injunction.

As for the new counts against the two state judges named in the original complaint, even if the injunction did not apply, allowing the amendment would be futile. *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). The new counts—alleging that the judges denied filing his *in forma pauperis* requests because they were not signed by a prison official and Daker did not provide a copy of his inmate account—contain the same allegations that Daker raised against several other states judges in his original complaint and that the district court ruled did not entitle him to declaratory or injunctive relief. For these reasons, the new counts in Daker's amended complaint could not state a claim for relief even if the filing injunction did not apply to the amended complaint. *See Silberman*, 927 F.3d at 1133 ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed."). Although Daker identified in his amended notice of appeal the order denying his motion to vacate the dismissal order,

21-11068                Opinion of the Court                9

Fed. R. Civ. P. 59(e), he does not raise any argument about it. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We **AFFIRM** the dismissal of Daker's amended complaint and the denial of his motion to vacate.