No. 42.—WILLIAM COX, plaintiff in error, vs. JESSE BERRY et al. defendants.

[1.] A brought ejectment for a lot of land against B, as tenant in possession, before the Statute of Limitations had attached. C was made a party defendant as landlord, and pleaded the Act of Limitations, and upon the trial, the plaintiff being unable to prove possession in B, on that account dismissed his action, at which time the statutory term had expired. A then, within six months after the dismissal, brought suit for the same lot of land against D, as tenant in possession, to which also C was a party defendant as landlord, and pleaded the Statute of Limitations. *Held,* that C was a party to both actions; that the latter was a renewal of the former, and that the plaintiff was within the benefits of the Act of 1847, authorizing suits when commenced before the Statute bar had attached, and dismissed after it had attached, to renew their suits within six months, and that C was not protected by the Statute.

[2.] *Held,* also, that the Act of 1847, affecting the remedy only, does neither impair the obligation of contracts nor divest any vested rights of C.

Ejectment, from Gilmer Superior Court. Tried before Judge IRWIN. November Term, 1852.

This case was submitted on an agreed statement of facts. Jesse Berry and others, in March, 1846, brought their action of ejectment against Emanuel Rose, tenant in possession, to which William Cox, as landlord, was made co-defendant.

On the trial, which took place in September, 1849, the plaintiffs failed to prove Rose in possession, and dismissed their case. Within six months they commenced the present action for the same land, against John Welch, tenant in possession, to which also William Cox was made co-defendant. To both actions the Statute of Limitations was pleaded. It was agreed that the *first* action was commenced six days before the possession of said Cox and his tenants would have protected them under the Statute. It was also agreed that the plaintiffs are now entitled to recover, unless the defendants are protected by the Statute of Limitations.

The Court, on argument, decided that the Statute is not a

bar to the present action, and that plaintiffs do recover, and this decision is assigned as error.

W. H. UNDERWOOD, for plaintiffs in error.

A. J. HANSELL, represented by HULL, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] Our attention is directed to the inquiry whether, under the circumstances of this case, the defendant in the action, Cox, is entitled to the protection of the Statute of Limitations. What are the circumstances? The plaintiff in the ejectment, Jesse Berry, brought suit in 1846, for a lot of land against Emanuel Rose, tenant in possession, to which William Cox was made a party in the usual form, as landlord. There was a verdict for the plaintiff on the first trial, and an appeal. Upon the trial of the appeal in 1849, the plaintiff failing to prove possession in Rose, on that account, dismissed his action. When the suit was instituted, the term of limitation had not expired, but did expire very soon after it was brought. It had fully run when the action was dismissed. Within six months after the dismissal of the suit, the plaintiff again brought ejectment for the same land, against John Welch, tenant in possession, and to this action Cox was also made a party defendant. To both he pleaded the Statute of Limitations. Under these circumstances, the plaintiff in error, Cox, insists that his plea of the Statute of Limitations ought to have been sustained, because the circumstances of the case take it out of the operation of the Act of 1847, which authorizes a party whose case has been dismissed, to re-commence within six months without prejudice from the Statute of Limitations.

The first position taken by the counsel for the plaintiff in error, is, that the first action was not a suit or action, and therefore the plaintiff below can take no benefit under the Act of 1847. If it was not the Statute protected Cox on the

second action, for that was brought confessedly after it had attached in his favor. The argument in support of this position is summarily stated thus: Ejectment can only be brought against the tenant in possession; upon the trial, Rose, who was sued as the tenant in possession, was not proven to have been in possession; therefore there was no action. This argument was elaborated, with Judge UNDERWOOD's well-known ability. With profound respect for his great learning and experience, we do not admit its conclusiveness. It is conceded to be true generally that the action of ejectment must be brought against the person in possession. That is to say, the plaintiff cannot sustain his action unless he prove possession in the defendant, who is sued as tenant; and if he fails to do this, as he did here, his suit will be dismissed, as it was here. This will be the result, whether the defendant defends alone, or the landlord comes in and defends with him. But it does not follow from this concession, that the proceeding is a nullity as to all purposes. The question is, was this an action, so far as Cox is concerned? We think it was. The plaintiff had a right to bring his action against anybody resident in the County, as tenant of the land. The Court had jurisdiction of Rose and of the premises. It was regularly brought; it was not void, *ab initio*, upon the face of the pleadings. It was subject to be defeated upon the trial, for failure of the necessary proof; but before the trial, Cox upon his own motion, comes into it as a defendant, in the capacity of landlord. By so doing, he on his own account, took the position of a party, with all the rights of defence which appertain to such a position. He did defend; he pleaded the Statute of Limitations, and an issue was legally made between himself and the plaintiff, as to his title under that plea. By so doing he recognized the suit of the plaintiff, and acquired all the rights and became subject to all the obligations of a tenant regularly before the Court. Assuming that he has title, by the act of becoming a party he supersedes the tenant, and takes the burden of the contest. The fact is, that his coming in to defend, is only a mode of making a party, peculiar to ejectment causes. He was as

Cox *vs.* Berry *et al.*

much a party as he who in other suits is brought before the Court by process and service. One of his rights as a party defendant, was to require the plaintiff to make out his case. In doing so, it was necessary to prove the possession of the alleged tenant. Failing to do this, his cause is dismissed. But does that prove that the case was not a suitable action against Cox? Was the case dismissed because it was not an action against Cox? No, but because the plaintiff failed to establish by proof a fact which the law requires him to prove. So, in any and all cases, a party plaintiff will be non-suit if he cannot by proof make out the case which the law, sitting in judgment upon his pleadings, holds him bound to make out. But in no case does it follow from thence that the proceeding was not an action. Generally then, we think that the argument of the counsel is untenable. If, however, we were driven, which we are not, to admit that for all purposes this was not a suit or action, we are clear that it was a *case*, in the intent and terms of the Act of 1847, which gave to the plaintiff the protection which that Act provides against the operation of the Statute of Limitations. The 1st section of that Act is in the following words : " That whenever any case, now or hereafter pending in any of the Courts of this State, either at Law or in Equity, commenced within the time limited by law, shall be discontinued, dismissed, or the plaintiff therein become non-suited, and the plaintiff's claim may be barred during the pendency thereof by any law now of force in this State, the plaintiff may at any time within six months from such termination of the case, and not after, renew or re-commence the same in any Court having jurisdiction thereof in this State, any law, usage or custom to the contrary notwithstanding, &c." *Cobb's New Digest*, 560. We are not held to a narrow and technical construction of this Act, but are bound to give effect to the manifest intention of the Legislature. It gives relief in any *case* which may be brought in any of the Courts of the State. That is, in all instances, where the plaintiff is, in the exercise of a proper diligence, attempting by judicial proceeding, to assert his right and enforce his remedy. The

Cox *vs.* Berry *et al.*

Legislature meant to say, that the dismissal, discontinuance or non-suit of any proceeding which has for its object the assertion of a right, should not prejudice that right so far as the Statute of Limitations is concerned, if that proceeding is renewed in the same or in any other form within six months. If we consider the mischief, we must extend the construction of the remedy thus far, else the mischief is not covered by it. The Act is remedial and is to be literally construed. Certainly it would be a narrow and meagre construction of the Act of '47, which would exclude from its remedial beneficence a *case* dismissed, because the plaintiff was not able to prove a fact which, notwithstanding, may have existed; for it does not follow that Rose was not in possession, necessarily, because the plaintiff was on the trial unable to prove it. This is just one of the cases which the Act contemplates—a case of inability to proceed for want of proof.

But it is said that the second is not a renewal of the first suit, because brought against a different tenant, and therefore the plaintiff is not within the Act of '47. It is the same, certainly so far as Cox is concerned. It is for the same land, in favor of the same plaintiff, and he was a party defendant to both.

[2.] Again, it was urged that the Act of 1847, as to Cox is void, because it has the effect of divesting a right to the land in question which he had acquired by operation of the Statute of Limitations. The answer is, that for the reasons already given, his right to the land had not vested : it was prevented by operation of the Act of 1847. If the counsel were right as to the plaintiff below not being within the protection of that Act, then this question would require determination, but if we are right, then this question is not made. In the former alternative, indeed, the plaintiff in error would be under no necessity of making it, for the Statute of Limitations would be a full protection to him. Nor is the Act of 1847 void for unconstitutionality, as impairing the obligation of contracts. Acts which relate to remedies only, have been ruled by the highest authority in this Union, not to be violative of the

Constitution, and it has also been over and over again ruled that Acts which relate to limitation terms, belong to that class.

Let the judgment be affirmed.