## MITCHELL vs. TOOLE.

1. A judgment for damages against the claimant and his surety on the damage bond, is conclusive upon both, unless procured by fraud 'or unless the proceedings constituting the claim case are, upon their face, fatally defective.
2. While it is a requisition of the statute that the execution must follow the judgment, yet a variance in respect to interest and cost will not render the execution void. It is amendable, and a levy and sale without amendment would not be a nullity.

Judgment. Claim. Principal and security. Levy and sale. Executions. Before Judge CRISP. Sumter County. At Chambers. February 24, 1879.

Mitchell filed his bill against Toole to enjoin the sale of certain property under an execution against one Shealy, as guardian, and complainant as security on the claim bond. The bill was lengthy and embraced numerous matters entirely immaterial to the decision rendered. When condensed the case made was this:

The execution levied was obtained for the balance of the purchase money of land sold by Toole to Shealy. In this trade, Toole had greatly overreached and defrauded Shealy. A portion of the purchase money which had been paid ($1,070.00) belonged to Shealy's ward, an infant. Toole procured this payment to be made knowing it to be the ward's money. He then sued for the balance and obtained judgment, filed a deed, and levied. Shealy as guardian, filed a claim, and complainant became his security. When the case was called the claim was withdrawn, and the plain

tiff in execution (Toole) proceeded for damages and obtained the judgment now sought to be enforced by execution.

Complainant gives with great minuteness the reasons which induced him to become Shealy's security on the claim bond, and why the claim would have been sustained if prosecuted. He also showed that there was a variance as to the amount of interest and cost between the execution in favor of Toole for the balance of the purchase money and the judgments upon which it was based. This discrepancy arose thus: The litigation which resulted in the judgment for the purchase money was carried by Shealy to the supreme court, where the judgment of the court below was affirmed upon condition that the plaintiff write off all interest exceeding seven *per cent. per annum.* (56 *Ga.*, 210.) This was done by the plaintiff in making the judgment of the supreme court the judgment of the court below.

The order then taken required the clerk to alter the verdict and judgment in conformity to the decision. This was never, in fact, done; the clerk simply issued execution for the proper amount. In it was embraced the cost incurred in the supreme court. Hence there was no formal judgment of the superior court which accorded exactly, as to interest or cost, with this *fi. fa.*

Complainant insists that as there was nothing in either of the judgments alluded to covering the costs incurred in the supreme court, or interest calculated in the manner stated, the execution was a nullity. Hence, if he paid it off he could not control it against Shealy. If such facts. had been made to appear upon the trial of the claim, the plaintiff's whole case would have fallen as based on a void proceeding, but these fatal defects only came to his knowledge after the withdrawal of the claim and the judgment against him for damages. This delay resulted from the wilful or accidental loss of the execution by the clerk of the court, Toole, or his counsel. Therefore the injunction should be granted, etc.

The chancellor ruled to the contrary, and complainant excepted.

John R. Worrill, for plaintiff in error, cited 39 *Ga.*, 565; 6 *Ib.*, 615; Code, §§3210, 3219, 3496, 3636, 3685.

Hawkins & Hawkins; Allen Fort, for defendant.

Bleckley, Justice.

1. There was no fraud or collusion on the part of Toole, the plaintiff in *fi. fa.* and defendant in the bill, which induced the withdrawal of the claim, or contributed to the recovery on the damage bond. When Mitchell, the complainant in the bill, signed that bond as surety for the claimant, he put himself in a boat which the claimant was to steer in behalf of both, and if there was injudicious or unskilful navigation he must take the consequences. The judgment on the bond concludes him as well as his principal; if it did not bind both it would bind neither. We can think of nothing that, in the nature of things, could be urged against it by either of them, except fraud, or some patent and incurable defect in the proceedings which constituted the claim case. We have already said there was no fraud.

2. Was the variance of the *fi. fa.* in respect to interest and cost, from the judgment on which it was founded, such a defect as I have mentioned? Did it render either the judgment or the *fi. fa.* void? We think not. There ought to have been conformity, and the statute requires it. Code, §3636. But the variance was amendable, *Id.*, §§3495, 3494. True, if the objection had been taken, and the amendment needed, or a part of it, was in the *fi. fa.*, the levy would have fallen, for the statute so ordains; but it does not result from this that no legal sale can be made under such a *fi. fa.* where the objection is not raised and no amendment is called for or attempted. It is the privi-

lege of those interested, to prevent a sale under an imperfect *fi. fa.*; and the claimant, let it be conceded, could have defeated this levy if he had pleased to do so. But he could also overlook the defect, or waive it. It is said he did not know of it, and that the *fi. fa.* was lost, and hence he did not discover it. But why did he try the question of damages without the presence of the *fi. fa.*, or why did he not examine it when he interposed his claim, or why did he not refer to the execution docket and compare it with the judgment? Had he been diligent he could have had all the knowledge necessary for his purpose; at least, it does not appear that he could not. The injunction was properly denied.

Judgment affirmed.