## 32471. BARRY FINANCE COMPANY *v.* LANIER

DECIDED MAY 31, 1949.

*Sam F. Lowe Jr.*, for plaintiff.

*William P. Kennedy, Herman C. McCall, Carl F. Hutcheson,. J. Sidney Lanier, R. A. Whitsett*, for defendant.

GARDNER, J. 1. (*a*) Let us inquire as to the effect of the nonsuit in the instant case. Code § 3-808 reads as follows: "If plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence it within, six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section." We do not interpret this Code section as being altogether controlling in view of the issue here presented. The judgment of nonsuit relieved the surety and canceled the bond. It would appear to us that this was a judgment in the nature of final relief to the surety. It would seem, therefore, that in the event of any disturbance of this judgment by reinstatement or renewal of the action, the surety would have to be made a party. If under that Code section the plaintiff had recommenced or renewed his action, he could not have made the surety in the original action a surety in the renewed action. This is true for the reason that "a renewed case shall stand upon the same footing . . with the original case." The surety was not a party to the original action.. Indeed, he was not a party at all and had no right to be heard.. The case proceeded to trial without his being a party. There could be no judgment against the surety until one had been obtained against the defendant. If the judgment of nonsuit is granted in favor of the defendant, the principal in the surety bond, that judgment likewise enures to the benefit of the surety. It does not seem that the law would then contemplate that this judgment of nonsuit, which relieved the defendant in the trover action and relieved him as principal on the bond and relieved

the surety also, could be set aside without any notice to or service upon the surety. We conclude that the reinstatement here was in the nature of a renewed or recommenced action. We doubt if it could be reinstated at all so far as the surety is concerned. It is elementary that contracts of suretyship must be construed strictly, but if it could be reinstated, it seems that some sort of notice or service to the surety should be given. We are not unmindful that the judgment on a bond concludes the principal and surety. Likewise a judgment in favor of the principal and surety relieves them both. We might here call attention to the fact that the surety filed a forthcoming bond. Several days elasped between the judgment of nonsuit and the reinstatement of the case. During the interim between the judgment of nonsuit and the judgment of reinstatement, the surety on the forthcoming bond had no further control over the property for which he stood sponsor. We think that a surety could, and oftentimes no doubt does, retain and have control over the property of his principal. After the judgment of nonsuit, the surety would lose such control and his risk would be increased, unless some applicable procedure, such as a motion for new trial or direct bill of exceptions, or appeal or the like, is pursued in accordance with the procedure established by the law creating said court. It does not appear from this record that any such procedure was followed. Hence it is, we think, a further reason why the court did not err in setting aside the order reinstating the case insofar as the surety is concerned. We are not here dealing with the question of the validity of the judgment as against Harris, the defendant in the trover action. The plaintiff in error called our attention to a number of cases, among which is *Mitchell* v. *Toole,* 63 *Ga.* 93. This decision is to the effect that the judgment on the bond concludes the surety and the principal. That is a correct abstract principle of law. Our attention is also called to a number of decisions to the effect that a surety on a trover or other bond is bound by any *lawful* judgment against his principal. This is a correct principle of law, but we are still confronted with the question of what is a lawful judgment. Our conclusion is that the judgment against the surety in the instant case is not such a judgment. Our attention is particularly called to a leading case of *Waldrop* v.

348

*Wolff*, 114 *Ga.* 610 (40 S. E. 830), and particularly the portion of that opinion from pages 615 through 620. A reading of that opinion will show that it is not applicable to the facts of the instant case. It is our opinion that the trial judge did not err, under the record in this case, in setting aside the judgment of reinstatement insofar as the surety is concerned.

2. Code § 3-808, supra, provides for the recommencement of a suit after judgment of nonsuit is granted. Section 3-508 reads: "A retraxit differs from a nonsuit, dismission, or discontinuance, in this: A retraxit is positive and conclusive of the plaintiff's right of action, while a nonsuit, dismission, or discontinuance is negative, and the plaintiff may recommence his suit upon the payment of costs." Code § 110-310 provides in the last sentence, "a judgment of nonsuit shall not bar a subsequent action for the same cause brought in due time." The point is made that the costs were not paid after the judgment of nonsuit was granted and before the reinstatement order, and therefore the order reinstating the case after judgment of nonsuit was illegal. The record does not affirmatively show that such costs were paid. In view of the fact that the surety was not notified or served concerning the reinstatement proceedings, and had no opportunity at that time to make the point, it is our opinion that it is proper to call our attention to it here. The court did not err in its judgment setting aside the order of reinstatement insofar as the surety was concerned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*