57774. YIELD, INC. v. CITY OF ATLANTA.

McMURRAY, Presiding Judge.

This case involves a renewed petition for writ of certiorari to the Municipal Court of the City of Atlanta to review its decision with respect to an order closing the petitioner's businesses known as R & R Bath House, Harem Bath House and Cheshire Cat Bath House, for violation of Georgia Code § 72-401 and § 20-180 of the

Atlanta City Code. This case has no relation to *Yield, Inc. v. City of Atlanta,* 239 Ga. 578 (238 SE2d 351) and *Yield, Inc. v. City of Atlanta,* 145 Ga. App. 172 (244 SE2d 32), both of which involved businesses known as The Blue Fox and House of Erotica.

In the case sub judice an earlier petition for certiorari had been denied by the superior court because no answer had been filed, and the superior court held that the petitioner was "guilty of laches in that they failed to exercise due diligence in perfecting the certiorari, and in fact, made no efforts whatsoever until approximately 82 days after the answer was due to be filed . . ." This judgment was affirmed in *Yield, Inc. v. City of Atlanta,* 144 Ga. App. 637, 639 (242 SE2d 478) (writ of certiorari dismissed, improvidently granted, 241 Ga. 593 (247 SE2d 764)).

The renewal petition was sanctioned. The magistrate answered, and a number of motions were filed, including a motion to dismiss, as amended, based upon a plea of res judicata, failure to obtain a bond required by Code § 19-206, and alleging the petition is defective in that it fails to show it is a renewal of a previously filed certiorari. The petitioner also moved to strike the motion to dismiss. These motions were heard, and the court rendered its finding of fact and conclusions of law, holding (1) the renewal was in violation of Code § 3-808 in that it was not filed within six months after the dismissal; (2) the original petition was heard on its merits by virtue of the finding that the petitioner was guilty of laches and lack of due diligence, and the order of dismissal did not contain the language "without prejudice" in order for a refiling of the order to be valid; and (3) the present petition is wholly defective in that petitioner failed to obtain a bond required by law. The motion to strike the motion was denied; the motion to dismiss was granted and petitioner's renewed petition for writ of certiorari was dismissed. The petitioner appeals. *Held:*

1. The superior court was of the opinion that as the renewal petition was not filed within six months of the dismissal, without regard to the period of time tolled during the pendency of a valid writ of error to this court, that more than six months had passed in which the

petitioner could renew. The running of any statute of limitation is suspended during the pendency of an appeal. See *Seaboard Air Line R. v. Randolph,* 126 Ga. 238 (4), 244 (55 SE 47); *Central of Ga. R. Co. v. Macon R. & Light Co.,* 140 Ga. 309, 310 (2) (78 SE 931). Compare *Hesters v. Coats,* 32 Ga. 448.

2. The same question raised here as to whether the dismissal of the prior petition for certiorari was on its merits was considered by this court in *Schaffer v. City of Atlanta,* 151 Ga. App. 1 (1979), in a 5 to 4 decision by this court. Consequently we are controlled here under the doctrine of stare decisis as to whether or not the findings of fact and conclusions of law of the superior court in considering this renewal petition that the first dismissal of the original petition by the superior court (see *Yield, Inc. v. City of Atlanta,* 144 Ga. App. 637, 639, supra) was heard on its merits as the superior court made a finding of laches and lack of due diligence. Based on the *Schaffer* case the ruling on the original petition would not be res judicata.

However, considering the author's dissent in *Schaffer v. City of Atlanta,* supra, he is still of the opinion that even though in some instances a certiorari may be renewed, the facts of this case and those of *Schaffer* show clearly that the judgment of the superior court was a ruling on the merits. See Code Ann. § 81A-181 (Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109) and Code Ann. § 81A-141 (Ga. L. 1966, pp. 609, 653).

3. The certiorari procedure, and, in particular, Code § 19-206, requires that the party applying for the writ "shall give bond and good security, conditioned to pay the adverse party in the cause the eventual condemnation-money, together with all future costs, and shall also produce a certificate from the officer whose decision of judgment is the subject matter of complaint, that all costs which may have accrued on the trial below have been paid; which bond and certificate shall be filed with the petition for certiorari, and security on said bond shall be liable as securities on appeal." We note that the superior court also dismissed the writ of certiorari because the petitioner failed to file a bond in accordance

with Code § 19-206. We find no bond in the proceedings here other than the original bond filed with the first application. In *Ellett v. City of College Park,* 135 Ga. App. 269, 270 (2) (217 SE2d 374) this court affirmed the dismissal, citing a number of cases, and holding that the filing of a security bond or pauper's affidavit is a condition precedent to an application for certiorari to review a judgment of an inferior judicatory. See also *Quinn v. O'Neal,* 57 Ga. App. 248 (1) (194 SE 911); *Duncan v. City of Atlanta,* 59 Ga. App. 335 (200 SE 815). We view the dismissal of the original petition for certiorari as a release of the surety therein, hence the bond filed with the first petition does not meet the requirements of law as to the second petition. See *Barry Finance Co. v. Lanier,* 79 Ga. App. 344, 347 (1) (53 SE2d 694). Further, upon examination of the original bond we find that the alleged bond does not meet the requirements of Code § 19-206, so as to amount to a required bond. A dismissal upon a valid ground likewise requires affirmance of the trial court. *Standard Gas Products Co. v. Vismor,* 31 Ga. App. 418, 419 (6) (121 SE 854). The certiorari having been issued in the absence of a proper bond, the writ was void. Accordingly, the superior court did not err in dismissing the writ, in denying the motion to strike the motion to dismiss, and in granting the motion to dismiss.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MAY 2, 1979 — DECIDED OCTOBER 17, 1979 — REHEARING DENIED NOVEMBER 2, 1979 — ▮▮▮▮▮▮▮

*Hirsch Friedman, Brian Spears,* for appellant.
*Paul Howard, Jr., Solicitor,* for appellee.