A92A1723. FULLER ENTERPRISES, INC. v. HARDIN CONSTRUCTION GROUP, INC.
(424 SE2d 311)

McMURRAY, Presiding Judge.

Fuller Enterprises, Inc. (plaintiff), a South Carolina corporation, filed a petition against Hardin Construction Group, Inc. (defendant), seeking entry of a judgment on an arbitration award entered in favor

of plaintiff and against defendant. More specifically, plaintiff alleged that it entered into a contract with defendant to provide defendant with labor, materials and equipment on a construction project in Stone Mountain, Georgia; that the parties resolved a dispute under the construction contract pursuant to a contractual provision providing for binding arbitration; that the arbitration award has not been vacated or modified and that the arbitration award directs defendant to pay plaintiff "$29,115.00 on its claims and $1,050.32 for administrative fees and expenses of the American Arbitration Association."

The parties filed opposing motions for summary judgment and evidentiary material. Defendant also filed a motion to dismiss, arguing that the plaintiff's petition is subject to dismissal for failure to comply with the registration and bonding requirements of the Nonresident Contractors Act. See OCGA § 48-13-37. The trial court granted defendant's motion to dismiss. This appeal followed. *Held*:

1. "A nonresident contractor desiring to engage in the business of contracting in this State must register with the State Revenue Commissioner 'for each contract when the total contract price or compensation to be received amounts to more than $10,000.00. . . .' OCGA § 48-13-31. [Further, before] entering into the performance of the contract, a contractor must execute a bond in an amount equal to 10% of the contract price or compensation to be received, OCGA § 48-13-32 (c) (1); when this is impracticable, a blanket or master bond is to be executed. OCGA § 48-13-32 (c) (2). . . . Under OCGA § 48-13-37, a party's failure to register a general contract, a subcontract, or a sub-subcontract prohibits the maintenance of an action to recover payment for performance on such contract in the courts of this State. Cf. *Sherman Stubbs &c., Inc. v. American Institute of Marketing Systems*, 117 Ga. App. 829 (1) (162 SE2d 240) (1968)." *Clover Cable of Ohio v. Heywood*, 260 Ga. 341, 343 (2, 3) (392 SE2d 855).

In the case sub judice, there is no question that plaintiff is subject to the registration and bonding requirements of the Nonresident Contractors Act. (Plaintiff is a nonresident contractor and plaintiff entered into a construction contract in the State of Georgia for more than $10,000.) However, the Director of the Sales and Use Tax Division of the Georgia Department of Revenue executed an affidavit and deposed that plaintiff "has not registered and posted a bond with the Department of Revenue for . . ." the contract between plaintiff and defendant. The Director of the Sales and Use Tax Division of the Georgia Department of Revenue also deposed that plaintiff filed "no blanket or master bond . . ." for the construction contract with the Georgia Department of Revenue. Nonetheless, plaintiff contends the trial court erred in dismissing its petition, arguing that it "substantially complied" with the Nonresident Contractors Act by paying all accrued State and local taxes resulting from the construction con-

tract.

It is true that late registration and payment of all taxes and revenues due the State and its political subdivisions constitute "substantial compliance" under the Nonresident Contractors Act so as to avoid dismissal of a nonresident contractor's claim against another private party. *Clover Cable of Ohio v. Heywood*, 260 Ga. 341, 343 (3), 344, supra. However, in the case sub judice, plaintiff never registered the construction contract it entered into with defendant with the State Revenue Commissioner. Under these circumstances, we cannot say that plaintiff has "substantially complied" with the Nonresident Contractors Act so as to avoid dismissal of its claim against defendant. Consequently, the trial court did not err in dismissing plaintiff's petition.

2. Plaintiff contends the trial court erred in dismissing its petition for confirmation of the arbitration award with prejudice. This contention is not supported by the record.

The trial court did not distinguish whether plaintiff's petition was dismissed with or without prejudice. However, in order to quiet any confusion, it is noted that a dismissal of an action for non-compliance with the Nonresident Contractors Act (OCGA § 48-13-37) "should be without prejudice." *Clover Cable of Ohio v. Heywood*, 260 Ga. 341, 343 (3), supra. Consequently, assuming compliance with any applicable statutes of limitation and any other procedural and substantive hurdles, the dismissal of the case sub judice in the trial court does not preclude plaintiff from refiling its petition against defendant after "substantial compliance" with the Nonresident Contractors Act.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 26, 1992.

*Sonja L. Salo*, for appellant.
*Smith & Fleming, Robert O. Fleming, Jr.*, for appellee.