## A94A1254. FULLER ENTERPRISES, INC. v. HARDIN CONSTRUCTION GROUP, INC.
### (451 SE2d 483)

RUFFIN, Judge.

Fuller Enterprises, Inc. ("Fuller") appeals from the trial court's order denying its motion for a protective order in an arbitration confirmation proceeding against Hardin Construction Group, Inc. ("Hardin").

Fuller and Hardin entered into a construction contract with an arbitration clause, and during the course of performance, a dispute arose concerning the contract. The parties submitted the dispute to arbitration pursuant to the contract, and the arbitration panel returned an award in favor of Fuller. Fuller filed an application for confirmation of the award in superior court. Hardin filed an answer with affirmative defenses and contemporaneously served Fuller with discovery requests. Fuller filed a motion for a protective order arguing the information sought was irrelevant to the confirmation and appeals the trial court's denial of the motion.

1. Fuller asserts discovery under the Civil Practice Act ("CPA") is not permitted in arbitration confirmation proceedings under the Georgia Arbitration Code, OCGA § 9-9-1 et seq., because the confirmation is initiated by an "application" as opposed to a "complaint." We agree.

In *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296 (430 SE2d 732) (1993), our Supreme Court addressed the applicability of the CPA in proceedings initiated by filing an application as opposed to a complaint. In *Vlass*, the issue was whether, in a foreclosure confirmation proceeding, the debtor was entitled to service of the application for confirmation in accordance with the CPA. The debtor argued that since a confirmation proceeding was a special statutory proceeding that did not expressly provide for service of the application on the debtor, OCGA § 9-11-81 required service in accordance with the CPA. OCGA § 9-11-81 provides the CPA "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict [t]herewith are expressly prescribed by law. . . ."

The court reasoned since OCGA § 9-11-1 provides the CPA " 'governs the procedure in all courts of record of this state in *all actions of a civil nature. . . .*' [Under OCGA § 9-11-3] '[a] *civil action* is commenced by filing a *complaint* with the court.' . . . [T]he debtor would be entitled to service of the creditor's application for confirmation in accordance with the CPA *if*, but only *if*, that application constitutes a 'complaint' which initiates a 'civil action' in the superior court." *Vlass*, supra at 296-297. The court went on to state "[i]t is clear, however, that an application for confirmation is *not* a 'complaint' which initiates a 'civil action' in the superior court. Even though an application to confirm a foreclosure sale is a special statutory proceeding, it is not a 'civil suit' in the ordinary meaning of that term." (Citations, punctuation and indention omitted.) Id.

Although the court in *Vlass* reviewed the application of the CPA to foreclosure confirmations, we find its analysis applicable here as well. OCGA § 9-9-4 (a) (2) provides that an application for confirmation of an arbitration award shall be made "by *motion* and shall be heard in the manner provided by law and rule of court for the making or hearing of motions, provided that the *motion* shall be filed [and served] in the same manner as a complaint in a civil action." (Emphasis supplied.) While an application for arbitration confirmation is filed and served in the same manner as a complaint, we do not believe that alone is sufficient to treat it as a complaint. OCGA § 9-9-4 clearly provides the application shall be treated as a motion.

Furthermore, while an arbitration award confirmation may be a special statutory proceeding, like a foreclosure confirmation, it is not a "civil suit" in the ordinary meaning of that term. Bearing in mind the merits of the dispute have been resolved in the underlying arbitration proceedings, by requiring the application to be heard in the manner provided by law and rule of court for the making or hearing of motions, we believe the legislature intended for it to be a summary proceeding.

One such rule of court is Uniform Superior Court Rule 6.3 which provides "[u]nless otherwise ordered by the court, all motions in civil actions . . . shall be decided by the court without oral hearing. . . ." If an oral hearing is not ordered, OCGA § 15-6-21 requires the trial judge to promptly decide the motion. If the court does order an oral hearing, OCGA § 9-11-78 requires that "[u]nless local conditions make it impracticable, each court shall establish regular times and places, at intervals sufficiently frequent for the *prompt dispatch* of business, at which motions requiring notice and hearing may be heard and disposed of. . . ." (Emphasis supplied.) Allowing discovery prior to the trial court's consideration of the motion would serve only *to* delay the prompt disposal of the confirmation.

All these factors indicate the legislature did not intend for an ar-

bitration award confirmation to be treated as a civil action under the CPA. Accordingly, since the application is not a complaint initiating a civil action, under *Vlass*, we find Hardin is not entitled to conduct discovery under the CPA.

2. Having determined in Division 1 that discovery is not permitted in an arbitration award confirmation proceeding, it is not necessary to decide Fuller's other enumeration of error concerning the scope of discovery.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994 — 

*Sonja L. Salo*, for appellant.
*Smith & Fleming, Robert O. Fleming, Jr.*, for appellee.