S95G0577. HARDIN CONSTRUCTION GROUP, INC. v. FULLER ENTERPRISES, INC.
(462 SE2d 130)

HUNSTEIN, Justice.

Fuller Enterprises, Inc., a South Carolina corporation, initiated arbitration award confirmation proceedings against Hardin Construction Group, Inc. pursuant to OCGA § 9-9-12. Hardin answered that Fuller had failed to seek confirmation within the one-year period contemplated by OCGA § 9-9-12 and had failed to comply with the Nonresident Contractors Act, OCGA § 48-13-30 et seq., and served discovery requests related to these defenses. Fuller moved for a protective order precluding discovery by Hardin. The trial court denied the motion and the Court of Appeals reversed. *Fuller Enterprises v. Hardin Constr. Group*, 215 Ga. App. 549 (451 SE2d 483) (1994). We granted certiorari to determine whether in an arbitration award confirmation proceeding it is permissible for parties to engage in discovery. We

hold that under limited circumstances it is and that the Court of Appeals erroneously reversed the denial of Fuller's motion for a protective order.

We agree with the Court of Appeals that an arbitration award confirmation proceeding filed pursuant to the Georgia Arbitration Code, OCGA § 9-9-1 et seq., is a special statutory proceeding, not a civil action.[1] OCGA § 9-9-4 (a) (2) provides for initiation of the confirmation process by motion and requires that applications thereunder be "heard in the manner provided by law and rule of court for the making or hearing of motions . . . ." Although the statute requires that the application be filed and served in the same manner as a complaint in a civil action, OCGA § 9-9-4 (a) (2) and (c) (2), "an application for confirmation is *not* a complaint which initiates a civil action in the superior court. . . . [I]t is not a civil suit in the ordinary meaning of that term." (Citations and punctuation omitted.) *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297 (1) (430 SE2d 732) (1993). See *Small Business Admin. v. Desai*, 193 Ga. App. 852 (1) (389 SE2d 372) (1989).

Nevertheless, even though the confirmation proceeding is not a civil action, the Civil Practice Act chapter governing discovery applies. OCGA § 9-11-81 provides

> This chapter shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure . . . are expressly prescribed by law; but in any event, the provisions of the [CPA] governing . . . discovery . . . shall apply to all such proceedings.

Thus, pursuant to the explicit statutory language of OCGA § 9-11-81 and in the absence of any provision to the contrary in the Georgia Arbitration Code, discovery is permitted in this special statutory proceeding.

The purpose of arbitration is to avoid the courts for dispute resolution. See 6 CJS 159, Arbitration, § 2. As a general rule, in proceedings to confirm or vacate an arbitration award the role of the trial court should be limited so that the purpose of avoiding litigation by resorting to arbitration is not frustrated. See *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232 (4) (335 SE2d 708) (1985). Consequently, a party seeking confirmation of an arbitration award is entitled to confirmation unless the trial court vacates or modifies the award pursuant to the specific statutory grounds set

---

[1] Because of the procedural stance of this case, we are not called upon to determine whether an arbitration award confirmation proceeding is an action for purposes of the Nonresident Contractors Act. See OCGA § 48-13-37.

forth in OCGA §§ 9-9-13 and 9-9-14.[2] However, the statutory scheme for confirmation contemplates certain prerequisites to *maintaining* an arbitration confirmation action. OCGA § 9-9-12 provides that a party seeking confirmation of an arbitration award must apply for confirmation with a trial court "within one year after its delivery to him . . . ." Thus, a party seeking confirmation of an arbitration award must comply with the one-year time requirement. Whether the applicable statute of limitation or other jurisdictional prerequisites have been met are issues necessarily resolved by the trial court *after* the party seeking confirmation files its application for confirmation.[3]

Although discovery is permitted in special statutory proceedings, OCGA § 9-11-81, unlimited discovery in arbitration award confirmation proceedings would frustrate the purpose for which such proceedings exist. Accordingly, we hold that limited discovery relating to affirmative defenses to confirmation of the arbitration award may be permitted. Because the discovery sought by Hardin is in accord with this holding, we find no error in the trial court's denial of the motion for protective order under the facts in this case.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995 —
RECONSIDERATION DENIED OCTOBER 20, 1995.

*Smith & Fleming, Robert O. Fleming, Jr.,* for appellant.
*Sonja L. Salo,* for appellee.

---

[2] OCGA §§ 9-9-13 and 9-9-14 set forth the standard of review of the trial court where a party seeks to vacate or modify an arbitration award.

[3] We intimate no opinion as to the validity of the statute of limitation defense asserted in this case.