A98A0438. HARDIN CONSTRUCTION GROUP, INC. v. FULLER ENTERPRISES, INC.
(505 SE2d 755)

RUFFIN, Judge.

After obtaining an arbitration award in its favor, Fuller Enterprises, Inc. ("Fuller") initiated arbitration award confirmation proceedings against Hardin Construction Group, Inc. ("Hardin") pursuant to the Georgia Arbitration Code, OCGA § 9-9-12. Hardin appeals the grant of summary judgment to Fuller and asserts that the trial court erred in failing to dismiss Fuller's application to confirm the award based upon: (1) the expiration of the statute of limitation; (2) insufficient service of process on Hardin; and (3) Fuller's noncompliance with the Nonresident Contractors Act, OCGA § 48-13-30 et

---

[2] (Punctuation omitted.) *Heyde v. Xtraman, Inc.*, 199 Ga. App. 303, 306 (2) (404 SE2d 607) (1991).

seq. For reasons which follow, we find that the trial court should have dismissed the application, and we vacate its order granting summary judgment.

The record shows that on August 28, 1990, an arbitration panel awarded Fuller $29,115 pursuant to an arbitration clause in a construction contract between Hardin and Fuller. The parties received this award on August 29, 1990. On October 15, 1990, Fuller petitioned the United States District Court for the Northern District of Georgia to confirm the arbitration award. The Northern District dismissed the petition on January 29, 1991 based upon the lack of diversity jurisdiction as the amount in controversy was less than $50,000. The Eleventh Circuit affirmed the dismissal on September 12, 1991.

On September 26, 1991, Fuller applied for entry of judgment on the arbitration award in Fulton Superior Court. The trial court dismissed this application on March 11, 1992 because Fuller failed to substantially comply with the requirements of the Nonresident Contractors Act. Fuller appealed and this Court affirmed the trial court's order dismissing the application on October 26, 1992. *Fuller Enterprises v. Hardin Constr. Group*, 206 Ga. App. 8, 10 (1) (424 SE2d 311) (1992). However, we also found that "assuming compliance with any applicable statutes of limitation and any other procedural and substantive hurdles, the dismissal of the case sub judice in the trial court does not preclude plaintiff from refiling its petition against defendant after 'substantial compliance' with the Nonresident Contractors Act." Id. at 10.

On April 9, 1993, Fuller again applied for confirmation of its arbitration award against Hardin in Fulton Superior Court. Hardin responded to the application on May 5, 1993, and asserted defenses based upon insufficient service of process, expiration of the statute of limitation and Fuller's failure to comply with the Nonresident Contractors Act.

On May 13, 1993, Fuller moved the trial court to enter summary judgment on the arbitration award. On June 2, 1993, the trial court entered an order extending Hardin's time to respond to the summary judgment motion until after the trial court ruled on a motion for protective order filed by Fuller. This order required Hardin to file its response to the summary judgment motion 15 days after receiving Fuller's discovery responses in the event the trial court subsequently denied the motion for protective order. The trial court denied Fuller's motion for protective order on July 14, 1993 and certified its ruling for immediate appellate review.

This Court granted Fuller's application for interlocutory review and reversed the trial court's ruling based on our holding that discovery is not permitted in actions to confirm arbitration awards. *Fuller Enterprises v. Hardin Constr. Group*, 215 Ga. App. 549, 551 (1) (451

SE2d 483) (1994). The Supreme Court of Georgia reversed, however, based upon its conclusion that limited discovery relating to affirmative defenses is permitted. *Hardin Constr. Group v. Fuller Enterprises*, 265 Ga. 770, 772 (462 SE2d 130) (1995).

Hardin filed its response to Fuller's motion for summary judgment after we remanded this case to the trial court. In its response, Hardin asserted that the trial court should not only deny Fuller's motion, but also dismiss the entire action against Hardin based upon insufficient service of process, expiration of the statute of limitation and Fuller's failure to comply with the Nonresident Contractors Act.

In support of its contention that it was improperly served, the company filed two affidavits of Angelia Olvey, the Hardin employee who accepted the summons and application from the sheriff. In her first affidavit, Olvey explained that she was employed by Hardin as an "administrative assistant" and that her duties "consisted of serving as secretary and assistant" to a Hardin vice president. Olvey stated that she "had no managerial or supervisory responsibility within the Hardin organization," was not an officer of the company, and had never been authorized or designated by the company to receive service of process. According to Olvey, when she greeted the deputy sheriff serving the application and summons he asked, "Who are you?," and she told him her name and advised him that she was an administrative assistant.

In a subsequent affidavit, Olvey acknowledged that she no longer recalled the exact words between herself and the deputy sheriff who served the application and summons. However, she stated "positively and unequivocally" that she never said she was authorized to accept service on behalf of Hardin.

Fuller filed a reply brief which responded to Hardin's claim that the application should be dismissed. In support of its reply brief, Fuller presented two affidavits from Lieutenant Steve Sussia, the sheriff who purportedly served Hardin through Olvey. In these affidavits, Sussia explained that it was his standard operating procedure to ask the person to whom he handed a summons and complaint whether such person is authorized to accept service. To the best of Sussia's knowledge, he followed this procedure when he met Olvey and provided her with the application and summons. However, he had no specific recollection of following this procedure with Olvey.

In its order granting Fuller's summary judgment motion, the trial court construed Hardin's response to Fuller's summary judgment motion to include a motion to dismiss and denied this motion. The trial court specifically ruled on each of the grounds asserted in support of Hardin's claim that Fuller's application for entry of judgment on the arbitration award should be dismissed. The trial court issued this order approximately seven months after Hardin

requested that the appeal be dismissed.

In its notice of appeal, Hardin designated the order granting summary judgment to Fuller. However, its enumerations of error go solely to the trial court's failure to dismiss Fuller's application on the three grounds asserted by Hardin below.[1]

1. Hardin contends that the trial court should have dismissed Fuller's application based upon the expiration of the statute of limitation. OCGA § 9-9-12 provides: "The court shall confirm an award upon application of a party made within one year after its delivery to him. . . ."[2] Hardin contends that Fuller's current application is time-barred because it was filed two years and seven months after the arbitration award was received.

Fuller correctly argues that "[t]he running of any statute of limitation is suspended during the pendency of an appeal. [Cits.]" *Yield, Inc. v. City of Atlanta,* 152 Ga. App. 171, 173 (1) (262 SE2d 481) (1979). However, the limitation period is not tolled merely because a lawsuit is filed and pending in the trial court. *Rakestraw v. Berenson,* 153 Ga. App. 513, 514-515 (266 SE2d 249) (1980); *Stevens v. FAA's Florist,* 169 Ga. App. 189, 190 (311 SE2d 856) (1983). Applying these principles, we find that Fuller filed its *first* application in Fulton Superior Court before the expiration of the limitation period due to its suspension during Fuller's appeal to the Eleventh Circuit. Fuller did not, however, file the instant application before the expiration of the limitation period.

Fuller asserts, nonetheless, that its second application is not time-barred because it is entitled to the benefit of the renewal statute, OCGA § 9-2-61, and we agree.

Although the applicability of the renewal statute to arbitration award confirmation proceedings is an issue of first impression, the Supreme Court of Georgia's analysis in *Hardin,* supra, is instructive. In *Hardin,* the Supreme Court of Georgia examined the language of OCGA § 9-11-81, and determined that limited discovery is permitted in special statutory proceedings, such as those to confirm arbitration awards. *Hardin,* supra, 265 Ga. at 771.

The renewal statute at issue here applies to "any case." OCGA

---

[1] Although Hardin requested that the trial court dismiss Fuller's petition in response to Fuller's motion for summary judgment, the parties and the court treated it as a motion to dismiss. Fuller provided the court with affidavits in opposition to the motion to dismiss which were considered by the trial court. The trial court ruled on the motion to dismiss well beyond the 30 day period for Fuller to respond to the motion. As a result, we can consider Hardin's enumerations of error with regard to the trial court's ruling on its motion to dismiss.

[2] In *Hardin,* supra, 265 Ga. at 772, the Supreme Court of Georgia held that "a party seeking confirmation of an arbitration award must comply with the one year time requirement."

§ 9-2-61 (a). See also *Cox v. Berry*, 13 Ga. 306 (1) (1853); *Ludi v. Van Metre*, 221 Ga. App. 479, 481 (2) (471 SE2d 913) (1996), limited on other grounds, *Allen v. Kahn*, 231 Ga. App. 438, 441-442 (499 SE2d 164) (1998). This is "a remedial statute and is to be liberally construed. [Cits.]" *Ludi*, supra at 481. "[F]or purposes of the renewal statute, a 'case' may be interpreted as other than a 'suit or action,' and . . . '[w]e are not held to a narrow and technical construction of this Act, but are bound to give effect to the manifest intention of the Legislature. It gives relief in any *case* which may be brought in any of the Courts of [this] State. That is, in all instances where the plaintiff is, in the exercise of a proper diligence, attempting by a judicial *proceeding*, to assert his right and enforce his remedy.' [Cit.]" (Emphasis supplied.) Id.

We find that an arbitration award confirmation proceeding is a "case" to which the renewal statute applies. See *Cox*, supra; *Fowler v. Aetna Cas. &c. Co.*, 159 Ga. App. 190, 191-192 (1) (283 SE2d 69) (1981) (holding appeal to superior court from award of State Board of Workers' Compensation is a "case" for purposes of predecessor to OCGA § 9-2-61). Consequently, the trial court did not err when it denied Hardin's motion to dismiss on this ground.

2. Hardin contends that the trial court should have dismissed Fuller's application because service upon Olvey should not be construed as valid service upon Hardin. We agree.

OCGA § 9-11-4 (d) (1) provides that corporations can be served through "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent . . . [who] may be served." "In order for an employee to be authorized to accept service on behalf of a corporation, it is necessary that the employee's position be 'such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him.' [Cit.] 'It is not necessary that the employee in question be an officer or that he be authorized to enter into contracts on behalf of the corporation.' [Cits.] However, if the employee is not an officer or has not been expressly designated by the corporation to receive service, it is necessary that he or she occupy some position of managerial or supervisory responsibility within the organization. [Cits.]" *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (2) (336 SE2d 326) (1985).

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service." *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838) (1984). "Where the evidence is conflicting with respect to the authority of an employee to receive service, the issue becomes one of fact to be resolved by the trial judge. [Cit.]" *Whatley's Interiors*, supra at 407. On appeal, we will not dis-

turb the trial court's factual findings if there is evidence to support them. *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989); *Wahnschaff v. Erdman*, 216 Ga. App. 355, 356 (454 SE2d 213) (1995).

Hardin asserts that the sheriff's affidavit showing he habitually requested whether the person accepting service was authorized to do so is circumstantial evidence which cannot outweigh Olvey's unequivocal testimony that she never told the sheriff that she was authorized to accept service on behalf of Hardin. In support of this contention, Hardin relies upon the well-established principle that " '(c)ircumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding . . . to that effect, will not support a verdict (judgment or ruling of the court), when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the (party), it was affirmatively shown that no such fact existed.' [Cits.]" *Newell v. Brown*, 187 Ga. App. 9, 13 (369 SE2d 499) (1988).

Under this authority, we find that evidence of the sheriff's habit to inquire about authority to accept service, combined with the sheriff's testimony that he had no specific recollection of doing so when he served Olvey, is consistent with Olvey's unequivocal testimony that she never told him that she was authorized to accept service on behalf of Hardin and that she was not, in fact, authorized to do so. As a result, this evidence cannot support the trial court's ruling that Hardin was properly served.

Fuller nevertheless contends that our decision in *Murray v. Sloan Paper Co.*, 212 Ga. App. 648 (442 SE2d 795) (1994) supports its contention that the trial court properly found effective service. In *Murray*, we found that evidence of an administrative assistant's conduct in leading the officer serving the complaint to believe she was in charge of the office and authorized to accept service for the corporation supported the conclusion that she was actually authorized to do so. Id. at 650.

Our decision in *Murray* is not controlling because it is factually distinguishable. In *Murray*, the marshal serving the complaint provided an affidavit in which he averred that the administrative assistant told him that she could take the suit papers. The administrative assistant also signed the return of service in a section of the preprinted form designated as one " 'in charge of the office.' " *Murray*, supra at 648. Finally, the record contained no evidence, unlike the present case, that her actual duties did not entail managerial or supervisory responsibilities.

We also reject Fuller's contention that Hardin waived any defect in service of process by participating in discovery and failing to

immediately file a motion to dismiss. "Participation in discovery after the defense of insufficiency of service has been properly raised in an answer to a complaint does not constitute a waiver of the defective service. [Cit.]" *Garrett v. Godby*, 189 Ga. App. 183, 185 (2) (375 SE2d 103) (1988).

3. Hardin's remaining enumeration of error regarding compliance with the Nonresident Contractors Act is rendered moot by our holding in Division 2.

The trial court's order granting summary judgment to Fuller is vacated and this case is remanded to the trial court with direction to enter an order dismissing the application without prejudice due to insufficient service. See *Kirkpatrick v. Mackey*, 162 Ga. App. 876, 877-878 (293 SE2d 461) (1982).

*Judgment vacated and case remanded with direction. Pope, P. J., concurs as to Divisions 2 and 3 and concurs specially as to Division 1. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

On reconsideration I find it necessary to write a separate opinion because, although I agree with the judgment that the trial court order granting summary judgment must be vacated, I do so for a different reason than has been expressed by the majority.

1. The trial court rejected Hardin's defense that the action to confirm the arbitration award was too late. Hardin contended that the one-year period of limitation provided by OCGA § 9-9-12 had expired. The trial court disagreed and concluded that Fuller's expeditious pursuit of confirmation, albeit in the wrong court, was sufficient to meet the intention of the legislature that only one year be allowed to seek confirmation. Without saying so expressly, the trial court implied that the statutory period was tolled by court activity. The majority here agreed that there was some tolling but concluded it was not enough to make the second attempt in superior court timely. Instead, the court holds that the action was saved by the renewal statute, OCGA § 9-2-61. True, it is "a remedial statute and [is] to be liberally construed." *Chance v. Planters &c. Coop.*, 219 Ga. 1, 3 (131 SE2d 541) (1963). But "OCGA § 9-2-61 applies only if the original suit is a valid suit, but will not apply if the original suit is void." (Citations omitted.) *Hornsby v. Hancock*, 165 Ga. App. 543, 544 (301 SE2d 900) (1983).

The original suit, filed in federal court, was void because the federal court lacked subject matter jurisdiction. So ruled the district court and so held the appellate court. For that reason it was involuntarily dismissed. The action in federal court counted and cannot be ignored so as to consider the first superior court action as the one which is being renewed, for the first superior court action was filed

after the one-year statute had run. OCGA § 9-2-61 (a) provides that "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations . . . , it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ." So the federal court action is recognized as the first one, but the one-year period of OCGA § 9-9-12 was not tolled because the federal suit was void.

The time period in which Fuller could apply to the superior court for confirmation of the arbitration award of $29,115 plus $1,050.32 for administrative fees and expenses regarding the six-day arbitration expired about August 28, 1991, as the award had been made and entered in writing on August 28, 1990. The first suit in the proper court was not filed until September 26, 1991, too late.

2. This being the case, the issue of whether there was valid service on Hardin is moot and consequently I do not join in Division 2 of the majority opinion. I do concur in Division 3 insofar as it holds that the remaining enumeration is moot.

I am authorized to state that Presiding Judge Pope joins in Division 1 of this special concurrence.

DECIDED JULY 15, 1998 —
RECONSIDERATION DENIED JULY 31, 1998 —

*Smith & Fleming, Robert O. Fleming, Jr.*, for appellant.
*McKinney & Salo, Sonja L. Salo*, for appellee.