**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 11, 2022**

# In the Court of Appeals of Georgia

A21A1258. KAMARA v. MARK ANTHONY HOMES et al.

PHIPPS, Senior Appellate Judge.

This appeal marks the second appearance of these parties in this Court. Mahktar Kamara first appealed from the superior court's order denying his petition to vacate an arbitration award entered under the Georgia Arbitration Code, OCGA § 9-9-1 et seq., in a dispute with Mark Anthony Homes ("MAH") and Mark Ferguson. While his first appeal was pending, Kamara filed a "Motion to Extend Time to Confirm Arbitration Award or Alternatively to Confirm Arbitration Award and Stay Ruling on Confirmation of Award Pending Resolution of Plaintiff's Appeal of the Motion to Vacate" ("Motion to Confirm") in the superior court. Kamara now appeals from the superior court's order denying his Motion to Confirm. For the following reasons, we reverse.

The record shows that Kamara entered into an agreement with MAH for the construction of a home on Kamara's property. A dispute arose between the parties, and Kamara filed a demand for arbitration. The arbitrator awarded $290,020 in favor of Kamara against MAH on December 3, 2019. The arbitration award stated that "Mark Ferguson, [i]ndividually, is not a [p]arty to this arbitration and therefore is not personally liable under this [a]ward."

Kamara filed a petition to vacate the arbitration award, taking issue with the fact that the award was not also against Ferguson. After the superior court denied Kamara's petition to vacate, Kamara filed a notice of appeal on April 24, 2020, and the ensuing appeal was docketed in this Court as Case No. A20A2019. On November 6, 2020, while the appeal was pending in this Court, Kamara filed the Motion to Confirm, requesting the superior court to extend the time for him to confirm the award "so as to preserve the award pending the Court of Appeals ruling" on Kamara's appeal. Alternatively, Kamara moved to confirm the arbitration award but requested the superior court to stay its ruling on the motion to confirm until we ruled on his pending appeal.

On January 4, 2021, we affirmed the superior court's order denying Kamara's petition to vacate the arbitration award. Kamara subsequently amended his Motion

2

to Confirm on January 20, 2021, withdrawing the portions of his original motion requesting the superior court to stay its ruling and again seeking to confirm the arbitration award. The superior court filed this Court's remittitur in Case No. A20A2019 on February 1, 2021, and, on February 2, 2021, denied Kamara's Motion to Confirm on the basis that Kamara was not permitted to amend his claims to add a motion to confirm the arbitration award after the superior court had entered the order denying his motion to vacate the arbitration award. Kamara filed a motion for reconsideration, which the superior court denied, stating in its order: "While the use of the word "claims" in the February [2 order] may have been inartful, the reasoning behind the February [2 order] — the [superior court's] lack of jurisdiction due to the entry of the final judgment — is sound." Kamara now appeals from the denial of his Motion to Confirm.

In four enumerations of error, Kamara contends that the superior court erred by denying his Motion to Confirm. We agree.

We first note that Kamara has not cited any authority specifically addressing the validity of a motion to confirm an arbitration award filed within one year of the delivery of the arbitration award but after the filing of a notice of appeal of an order denying a motion to vacate the same arbitration award, and we have found no such

3

authority. The lack of authority is perhaps not surprising — the issue arises in this case only because Kamara petitioned to vacate the arbitration award, and then, while the appeal of the denial of his petition to vacate was pending, sought to protect his ability to confirm the award in the event his appeal was unsuccessful.

We begin our analysis with OCGA § 9-9-12, which provides: "The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified by the court[.]" An arbitration award confirmation proceeding is a special statutory proceeding, not a civil suit. *Hardin Constr. Group v. Fuller Enterprises*, 265 Ga. 770, 771 (462 SE2d 130) (1995). Pursuant to OCGA § 9-9-4 (a) (2), an application for confirmation of an arbitration award is made by motion. Here, the arbitration award was made on December 3, 2019,[1] and Kamara filed his Motion to Confirm on November 6, 2020. Kamara argues that the superior court erred in denying his Motion to Confirm because the motion was filed within one year after the delivery of the arbitration award and the award was neither vacated nor modified by the court.

---

[1] For purposes of our analysis, we are treating December 3, 2019, as the delivery date. In his appellate brief, Kamara does not contend that the delivery date was later.

We must consider, however, whether Kamara's Motion to Confirm, which was filed while his appeal of the superior court's denial of his motion to vacate was pending before this Court, was properly before the superior court. Because Kamara filed his Motion to Confirm while the appeal was pending, the superior court did not have jurisdiction to rule on the motion when it was filed. See *Avren v. Garten*, 289 Ga. 186, 190 (6) (710 SE2d 130) (2011) ("The supersedeas of a . . . notice of appeal deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect.") (citation and punctuation omitted). See also *Mughni v. Beyond Mgmt. Group, Inc.*, 349 Ga. App. 398, 402-403 (3) (825 SE2d 829) (2019) (notice of appeal of order confirming arbitration award divested trial court of jurisdiction to consider motion to vacate the same arbitration award).

It could be argued that Kamara's Motion to Confirm was not properly before the superior court because, at the time it was filed, the superior court did not have jurisdiction to rule on the motion. See *Avren*, 289 Ga. at 190 (6); *Mughni*, 349 Ga. App. at 402-403 (3). Under the facts of this case, however, we find that even though the superior court did not have jurisdiction to rule on the motion when it was filed,

5

the motion was properly before the court at the time it was ruled upon. First, the superior court did not rule on Kamara's Motion to Confirm until it had received and filed this Court's remittitur from Kamara's appeal from the order denying his motion to vacate. After remittitur, a court may act upon motions filed pending remittitur. See *Marsh v. Way*, 255 Ga. 284, 284 (1) (336 SE2d 795) (1985). Furthermore, "there is precedent in the law for treating a premature filing as ripening into effectiveness." *Woodgrain Millwork/Windsor Wood Windows v. Millender*, 250 Ga. App. 204, 207 (1) (b) (551 SE2d 78) (2001) (prematurely filed workers' compensation claim ripened upon expiration of statutory six-month waiting period). See also *Bowman v. State*, 358 Ga. App. 612, 614 (1), n. 2 (856 SE2d 11) (2021) ("the doctrine of ripening has been employed broadly in civil cases"). Although Kamara contends that he was required to file his motion to confirm by December 3, 2020, in order to preserve his ability to have the arbitration award enforced, Kamara's appeal of the order denying his petition to vacate suspended the one-year period of limitation for filing the application to confirm the arbitration award. See *Hardin Constr. Group v. Fuller Enterprises*, 233 Ga. App. 717, 720 (1) (505 SE2d 755) (1998) (physical precedent only) (limitation period for filing application to confirm an arbitration award suspended during appeal). Consequently, Kamara could have filed his Motion to

6

Confirm after his appeal of the order denying his motion to vacate was no longer pending. "To hold that the [superior] court could not have properly considered the motion unless [Kamara] had taken the redundant and perfunctory step of refiling the motion would place form over substance and this we decline to do." *Marsh*, 255 Ga. at 284 (1) (citation and punctuation omitted). Accordingly, even if Kamara's Motion to Confirm was filed prematurely, we find that the motion ripened, and was deemed to be filed, when the superior court filed this Court's remittitur on February 1, 2021. Because the one-year period for filing an application to confirm the arbitration award had been suspended, see *Hardin Constr. Group*, 233 Ga. App. at 720 (1), the Motion to Confirm was therefore timely filed. When the superior court ruled on the Motion to Confirm on February 2, 2021, the arbitration award had not been vacated or modified by the superior court. It follows that the superior court erred by denying Kamara's Motion to Confirm. See OCGA § 9-9-12.

*Judgment reversed. Rickman, C. J., and McFadden, P. J., concur.*